## Denny v. Commonwealth.

(Decided May 1, 1917.)

### Appeal from Muhlenberg Circuit Court.

1. Judges—Objection to Judge—Waiver of Objections.—An objection to the trial judge is a question of jurisdiction, and to be available must be made before an appearance to the merits of the action, or the submission of preliminary motions by either party preparatory to a trial; and where the motion and affidavit are filed after the defendant responded to the merits, his motion is too late, and the fact that he was thereafter permitted to withdraw his response did not restore his right to insist on the motion.

2. Attorney and Client — Disbarment — Information — Title — Sufficiency.—It is immaterial that the information on which a subsequent disbarment proceeding is based does not proceed in the name of the aggrieved client, or comply with the strict rules of pleading with reference to the caption.

3. Attorney and Client—Disbarment Proceeding—Rule to Show Cause —Sufficiency.—A disbarment proceeding against an attorney for

wrongfully failing or refusing, on proper demand, to pay over money collected in the name of the Commonwealth, on relation of the aggrieved client, is sufficient.

4. Attorney and Client—Disbarment Proceeding—Title of Proceeding —Parties Complainant.—In such a proceeding in the name of the Commonwealth, on relation of the aggrieved client, a collecting agency which had sent the acount to the attorney for collection and had an interest in the proceeds when collected, may be properly included as one of the parties complainant.

5. Attorney and Client—Failure to Pay Over Money Collected— Information—Sufficiency.—An information which charged in substance that an attorney wrongfully neglected or refused to pay over to his client money collected by him after the money had been demanded of him in the county of his residence, is good on demurrer.

6. Attorney and Client—Disbarment Proceeding—Information—Rule —Sufficiency—Motion to Quash.—The fact that an information contained no caption affords no ground for quashing a rule issued in the name of the Commonwealth on the relation of the aggrieved parties.

7. Attorney and Client—Failure to Pay Over Money Collected—Disbarment Proceeding—Reparation—Effect.—Mere reparation to the client prior to the commencement of a proceeding to disbar an attorney under section 104 of the Kentucky Statutes, for wrongfully neglecting or refusing, on proper demand, to pay over money collected by him for a client, affords no ground for the dismissal of the proceeding.

8. Attorney and Client—Disbarment Proceeding—Parties Complainant—Motion to Elect.—In a disbarment proceeding in the name of the Commonwealth, on the relation of the aggrieved client and the collection agency which sent the claim to the attorney to be collected, it is not error to require the Commonwealth to elect in whose name it would prosecute the proceeding.

9. Attorney and Client—Disbarment Proceeding—Evidence—Sufficiency.—Evidence in a proceeding to disbar an attorney for wrongfully neglecting or refusing to turn over money collected by him for a client examined, and held sufficient to sustain a judgment of suspension.

C. A. DENNY for appellant.

M. M. LOGAN, Attorney General, and O. S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is an appeal by C. A. Denny, an attorney at law, from a judgment of the Muhlenberg circuit court, suspending him from practice for twelve months for a

failure to pay over on demand money which he had collected for a client.

Briefly stated, the facts are as follows: On December 8, 1913, the Louisville Credit Men's Adjustment Bureau of Louisville sent to Denny for collection a claim of Laib Company against W. L. Dean & Company for $27.67. The claim was sent under the terms of minimum fee of two-thirds of $5.00 if collected by suit. Denny brought suit on the claim and the proceeds of the judgment, after payment of the costs, were turned over to him by the sheriff of Muhlenberg county. After several demands had been made on Denny for the money a representative of Laib Company called on Denny on October 9, 1915, and received from him a check for $25.43, which was not paid.

The proceeding was begun by the filing of the affidavit of Charles Fitzgerald, an attorney, in which he set out the foregoing facts and asked for a rule against Denny to show cause why he should not be suspended from practice. His statement of facts was supported by the affidavits of Phil F. Laib, a member of the firm of Laib Company, and E. B. Strube, a traveling salesman for Laib Company. The caption of the proceeding was as follows:

"In the Muhlenberg Circuit Court.

"State of Kentucky,
"Muhlenberg County.

"In the matter of C. A. Denny, attorney-at-law."

Thereupon the attorney for the Commonwealth asked for a rule against Denny. The motion was granted and a rule in the name of "Commonwealth of Kentucky, on relation Charles Fitzgerald, The Louisville Credit Men's Adjustment Bureau, Laib Company and Phil F. Laib v. C. A. Denny," addressed to the sheriff of Muhlenberg county, was issued, directing the defendant to show cause why he should not be suspended from the practice of the law for a period of twelve months, and until the account should be settled. Denny then filed a response, denying the material allegations of the information on which the rule was based and pleading, in substance, that his failure to turn over the money was due to a disagreement between him and Laib Company in regard to the payment of certain costs and the amount of his fee, and his check drawn in favor of Laib

Company on October 9, 1915, was given with the express understanding that it was not to be presented for payment until the matters in dispute had been adjusted. Under these circumstances, he made no arrangements to meet the check, and, even if he had been notified of its presentation, he would have directed that it be returned. On January 5, 1916, he wrote Laib Company, directing them to draw on him for the amount of $27.43, including the costs. On January 7, 1916, Laib Company made draft for the above sum, accompanied by a letter that the settlement was satisfactory. The letter and draft reached Greenville on Saturday, January 8, 1916, but respondent was not then at home. Immediately upon the opening of the bank on the morning of January 10, 1916, he paid the draft in question. On January 14, 1916, and after the foregoing response had been filed, Denny filed a written motion, supported by his affidavit, asking the presiding judge to vacate the bench. This motion was overruled. Whereupon Denny's motion to withdraw his response theretofore filed was sustained. Denny then filed a special and general demurrer, both of which were overruled. Thereafter his motion to require the Commonwealth to elect in whose name it would prosecute the action, as well as his motions to quash and dismiss the proceedings, were also overruled. Thereupon he filed a response similar in effect to the one which he had withdrawn. The Commonwealth filed a demurrer and a reply to the response. The case was then submitted on the record and judgment rendered as above indicated.

1. The first error relied on for a reversal is the refusal of the trial judge to vacate the bench. In support of his motion appellant filed an affidavit, stating facts claiming to show both personal and political bias and hostility towards the appellant. In view of the conclusion of the court, we deem it unnecessary to set out the affidavit or to pass on its sufficiency for the purpose for which it was filed. It is sufficient to say that we have uniformly ruled that objection to the trial judge is a question of jurisdiction, and to be available must be made before an appearance to the merits of the action, or the submission of preliminary motions by either party preparatory to a trial. German Insurance Company v. Landram, 88 Ky. 433, 11 S. W. 367; Massie v. Commonwealth, 93 Ky. 590, 20 S. W. 704; French v.

Commonwealth, 30 R. 98, 97 S. W. 427; Tolliver v. Commonwealth, 165 Ky. 312, 176 S. W. 1190. Here the motion and affidavit were filed after appellant's response to the merits. Therefore, his motion came too late, and the fact that he was thereafter permitted to withdraw his response did not restore his right to insist on the motion.

2. The ground of the special demurrer is that the affidavit or alleged information on which the prosecution was based did not proceed in the name of any party, and was, therefore, insufficient; and that there was a defect of parties in the rule itself because the proceeding was in the name of the Commonwealth. We do not regard it as material in a case of this kind that the information on which the proceeding is based does not proceed in the name of the aggrieved client, or does not comply with the strict rules of pleading with reference to the caption. The information, if it may be called such, is merely the foundation of the subsequent proceeding, and its sole purpose is to bring to the attention of the court and the attorney for the Commonwealth the facts, so that they may determine whether the case is one calling for further action. After the filing of the information, the rule itself was issued under the title of "Commonwealth of Kentucky, on relation Charles Fitzgerald, The Louisville Credit Men's Adjustment Bureau, Laib Company and Phil F. Laib v. C. A. Denny." Since the purpose of the proceeding is not merely to punish the attorney, but to protect the court and the administration of justice, the Commonwealth is necessarily interested in the proceeding, and it is generally held that the proceeding may be conducted in the name of the Commonwealth, or in the name of the aggrieved client, or by a rule awarded by the court. In Re T. A. McDonald, 157 Ky. 92, 162 S. W. 566. Here the rule was in the name of the Commonwealth, on relation of the aggrieved client. Had the proceeding failed, appellant could have looked to his client for costs. Under these circumstances, we see nothing improper in the name under which the proceeding was conducted. But it is insisted that the Louisville Credit Men's Adjustment Bureau should not have been made a party, because it did not own the account. As a matter of fact, however, the account was sent to that company for collection and appellant was selected as the attorney to

make the collection. The account having been collected, the company was interested in the proceeds. There was no error, therefore, in making that company a party, and, even if there was, we are unable to see how appellant was prejudiced thereby.

3. This is a proceeding under section 104 of the Kentucky Statutes, which is as follows:

"If any attorney-at-law shall collect the money of his client, and, on demand, wrongfully neglect or refuse to pay over same, the circuit court of the county in which the money may be collected, shall, after notifying the attorney to show cause against the same, suspend him from practice in any court for twelve months, and until the money shall be paid. Before any such motion shall be entertained, a demand of the money shall be made of such attorney in the county of his residence, and no such proceeding shall take place unless it is commenced within two years next after the collection of the money."

In order to make out a case under the statute, it is only necessary to show that the attorney wrongfully neglected or refused to pay over money collected by him after the money had been demanded of him in the county of his residence. Both of these facts were alleged in the information and we, therefore, conclude that the general demurrer was properly overruled.

4. The motion to quash was based on the fact that the rule did not follow the pleading on which it was based. In this connection it is insisted that as the alleged information contained no caption whatever, the court was without authority to issue a rule in the name of the "Commonwealth of Kentucky, on relation Charles Fitzgerald, The Louisville Credit Men's Adjustment Bureau, Laib Company and Phil. F. Laib v. C. A. Denny." In support of this position it is argued that a summons designating both the plaintiff and defendant not mentioned in the pleading on which it was based would be invalid, and a motion to quash would be sustained. We are unable to perceive any merit in this contention, for the reason that, as before stated, the purpose of the information is to furnish the facts as a basis for the court's action, and if the proceeding is thereafter conducted in the name of the proper parties, the fact that the information contained no caption whatever is wholly immaterial.

5. But it is insisted that as the statute was intended to furnish the client a speedy remedy for the collection of his debt, and as the debt had been collected at the time of the institution of this proceeding, it should have been dismissed. We are not disposed to take such a narrow view of the statute. Attorneys are officers of the court, and the court is, therefore, interested in seeing that they promptly perform the duties imposed on them by law. The statute was not enacted for the sole purpose of furnishing the client a speedy remedy for the collection of his money, but was enacted for the purpose of requiring attorneys-at-law to comply with their manifest duty to turn over to their clients the money collected by them. This is clearly shown by the fact that the statute does not provide for a suspension merely until the debt is paid, but for a suspension of twelve months in addition thereto. Furthermore, the statute does not exempt the offending attorney from suspension in case the debt is paid, but makes it the imperative duty of the court to suspend him for the time indicated. Viewing the statute in the light of its manifest purpose to require attorneys to maintain a high standard of conduct, not only as the trusted agents of their clients, but as officers of the court itself, and in the light of the vital concern of the Commonwealth in the administration of justice, we conclude that mere reparation to the client prior to the commencement of the proceeding affords no ground for the dismissal of the proceeding.

6. For the reason pointed out in the discussion of the propriety of the trial court's action with respect to the special demurrer, the court did not err in refusing to sustain appellant's motion to require the Commonwealth to elect in whose name it would prosecute the proceeding.

7. Lastly it is insisted that the judgment is unsupported by the evidence. In support of this position the point is made that the affidavits on which the information was based should not have been considered. Among the orders in the case is the following: "Came the Commonwealth and filed reply, and on motion of the Commonwealth and by agreement of the defendant, this case is submitted to the court on this record for trial and judgment." Since the appellant agreed that the case should be submitted on the record, it follows that

the affidavits, which were a part of the record, were properly considered. Indeed, there is not much dispute as to the facts. Appellant practically admits the collection of the money and his failure to pay. His excuse is that there was a disagreement as to the costs and the amount of his fee. The mere disagreement on such matters will not justify the retention by an attorney of the whole sum collected. In such a case he may remit to his client all over and above the disputed part, and thus avoid any suggestion of bad faith. But it is argued that the hardships imposed by the statute should not be visited on an attorney who fails, for only a day or two after proper demand, to pay over the money collected. We are not attempting to give the statute any such construction. It provides for punishment only in case of a wrongful neglect or refusal to pay. Hence a delay for only a reasonable length of time, to be determined by the particular circumstances of each case, will not authorize suspension from practice. Here the money was not turned over until about ten months after its collection and for about three months after formal demand therefor was made on appellant in the county of his residence. We, therefore, conclude that the delay, under the circumstances here presented, was unreasonable, and showed a wrongful neglect or refusal to pay after proper demand. It, therefore, follows that the evidence was sufficient to support the judgment.

Judgment affirmed.