[Civ. No. 3525. Fifth Dist., Sept. 22, 1977.]

JOHN EDWIN LYONS, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Melvin W. Nitz, Public Defender, and Clifford C. Kemper, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones, Jane Kirkland Fischer and Garrick Chock, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**HOPPER, J.**—Petitioner was charged with burglary and receiving stolen property. In the municipal court he entered a conditional plea of guilty to the burglary. The plea was conditioned upon the petitioner not receiving a prison sentence.

Superior Court Judge Simon Marootian refused to accept the plea when the defendant appeared in the superior court. On remand to the municipal court, the petitioner again entered a conditional plea of guilty to the burglary, the condition being that he not be initially sentenced to state prison, but that he could be sentenced to the California Rehabilitation Center. Petitioner then filed an affidavit of prejudice and moved to disqualify Judge Marootian under Code of Civil Procedure section 170.6. Petitioner now seeks a writ ordering the trial judge to grant the motion for disqualification. We grant the writ.

■ Real party contends that the hearing on a plea bargain does not involve a "contested issue of law or fact" within the meaning of the first sentence of subdivision (1) of the statute. Real party relies on *Fraijo* v. *Superior Court* (1973) 34 Cal.App.3d 222, 224 [109 Cal.Rptr. 909], for the proposition that neither the consideration of a plea bargain or imposition of sentence is a contested issue of law or fact within the meaning of section 170.6. We disagree. The statutory language "any civil or criminal action or special proceeding of any kind or character . . . which involves a contested issue of law or fact" is expansive language suggesting the Legislature intended the scope of the statute to be all encompassing.[1] In addition, there are numerous questions of law that may have to be determined by the court in deciding whether or not to accept the plea bargain. For example, whether or not the plea was made freely and has a basis in fact (see Pen. Code, § 1192.5) or whether the public interest would be served ("The trial judge must reach an independent judgment as to whether the public interest in the effective administration of criminal justice will be served by granting the concessions" (ABA Project on Standards for Crim. Justice, Stds. Relating to Pleas of Guilty (1968) p. 77)), or whether the plea, if it is not to the offense charged, is to a lesser offense reasonably related to the offense charged (*People* v. *West* (1970) 3 Cal.3d 595, 611 [91 Cal.Rptr. 385, 477 P.2d 409]) all potentially involve contested issues of law.

---

[1]The statute is to be liberally construed. (*Eagle Maintenance & Supply Co.* v. *Superior Court* (1961) 196 Cal.App.2d 692, 695 [16 Cal.Rptr. 745].)

While the issues may not be disputed between the prosecution and the defense, there may well be a conflict between the defense and the court over these matters. If the judge questions whether the public interest would be served by accepting the plea, there would appear to be a contested issue just as much as if the conflict was between the prosecution and the defense. The purpose of the statute, to prevent a judge who one of the parties feels may be biased from ruling on an issue, would appear to be implemented by applying the statute to these situations.

Furthermore, in this, as in many plea bargains, the exact sentence to be given the defendant is left open to question and there is the possibility of a contest between prosecution and defense as to what that sentence should be.

■ Where sentencing is conducted by the same judge who accepts the plea, a motion to disqualify must be made before the plea bargain is accepted—otherwise the motion is untimely. (*Smith* v. *Municipal Court* (1977) 71 Cal.App.3d 151 [139 Cal.Rptr. 121]; *People* v. *Barnfield* (1975) 52 Cal.App.3d 210 [123 Cal.Rptr. 859].) Where a *different* judge presides at the sentencing the motion may be timely. Sentencing may in a given case be a determination of a factual issue on the merits because evidence may be presented at a probation hearing under Penal Code sections 1203 or 1204. While ordinarily sentencing is not a separate proceeding under Code of Civil Procedure section 170.6 but is merely a continuation of the original action (*People* v. *Keller* (1966) 245 Cal.App.2d 711, 713 [54 Cal.Rptr. 154]), under Penal Code section 1204 and under the determinate sentencing law there may appear to be several conflict of fact possibilities. (See, for example, Pen. Code, § 1170 and Cal. Rules of Court, rules 421 and 423; *People* v. *Smith* (1961) 196 Cal.App.2d 854, 859 [17 Cal.Rptr. 330], which specifically held in a probation modification case ". . . Where a litigant has not previously exercised his privilege under 170.6 he may do so in a proceeding supplemental to the original action as to a judge other than any judge who has previously heard any phase of the matter, provided that he does so before the commencement of the hearing of the supplemental proceedings by such judge and within the time limitations specified in the section.")

Waiver is not involved in the matter before us because, unlike a "retrial" (see *Pappa* v. *Superior Court* (1960) 54 Cal.2d 350, 353 [5 Cal.Rptr. 703, 353 P.2d 311]), the hearing on the second plea bargain in this case is a separate proceeding from the hearing on the original plea

bargain. When the plea was rejected the matter was remanded to the municipal court for further proceedings. Potentially those further proceedings could have resulted in another plea (conditional or unconditional), a dismissal or the holding of a preliminary hearing. In any event, when the matter was thereafter certified again to the superior court under Penal Code section 859a, a new file number was given to the case. The hearing on the new conditional plea is not merely a "continuation of the main proceeding" (see *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 197-198 [137 Cal.Rptr. 460, 561 P.2d 1148]; see also *Jacobs* v. *Superior Court* (1959) 53 Cal.2d 187, 191 [1 Cal.Rptr. 9, 347 P.2d 9]); but rather a separate proceeding in which different determinations might be reached.

Let a writ of mandate issue directing Judge Marootian to disqualify himself.

Gargano, Acting P. J., and Thompson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.