[Civ. No. 4532. Fifth Dist. Nov. 1, 1979.]

In re BYRON B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
BYRON B., Defendant and Appellant.

**COUNSEL**

James A. Wainwright, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Jane Kirkland Fischer and Willard F. Jones, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (G. A.), P. J.**—On October 17, 1978, an amended supplemental petition was filed in the Tulare County Superior Court, sitting as a juvenile court. That petition alleged, in pertinent part, as follows:

"The person named in the above caption is now a ward of the above entitled court.

"This person comes within the provisions of Section 602 of the Juvenile Court Law of California.

"The previous orders of this court have not been effective in the rehabilitation of the above named person in that: On September 22, 1978, the above named person was found to come within the provisions of Section 602 of the Welfare and Institutions Code by reason of the commission of a violation of Section 245(a) of the Penal Code. That the minor was thereafter adjudged a Ward and committed to the Robert K. Meyers Youth Center. Said minor has failed to adjust to the above program and was returned to the Glenn L. Moran Hall on October 13, 1978 for the following reasons: (1) On October 2, 1978 he engaged in a verbal altercation with ward Jesse [A.]; (2) on October 9, 1978 he was involved in a 'near fight' with ward Leonard [A.]; (3) on October 11, 1978 he refused to follow instructions and engaged in a verbal argument with teacher Mrs. Caldwell; (4) on October 11, 1978 he engaged in a physical fight with ward Brian [P.]; (5) on October 12, 1978 he was suspended from school for causing a disturbance; and (6) on October 13, 1978 he was expelled from school for a beligerent [sic], disrespectful attitude and for refusing to follow directions of school teachers, Mr. Jacobus and Mr. Wilson."

On October 18, 1978, appellant appeared before the referee of the juvenile court and denied the allegations of the amended supplemental petition. The matter was set for a contested (jurisdictional) hearing on October 30, 1978, with a pretrial hearing scheduled for October 25, 1978.

On October 25, 1978, appellant appeared before the Honorable Jay R. Ballantyne, sitting as a juvenile court judge, withdrew his denial of the amended supplemental petition, and admitted the allegations. After appellant's trial counsel informed the court that appellant was prepared to admit the amended supplemental petition, Judge Ballantyne advised appellant of the specific allegations of the petition and elicited from appellant that he had had a chance to go over all the circumstances with his trial counsel.

Next, the judge advised appellant that his admission of the petition would entail the giving up of his rights to a speedy hearing, to confront

and cross-examine witnesses, compulsory process, to testify in his own behalf, and to remain silent. Appellant expressed his understanding of the effect of his admission. Finally, Judge Ballantyne explained to appellant that he could be sent to the California Youth Authority as a consequence of the admission. Appellant again expressed his understanding.

This colloquy then occurred: "THE COURT: All right. Well, the court feels that the admission by Bryon [sic] would be an intelligent and knowledgeable admission on his part. And you move on behalf of your client then the withdrawal of the previous denial?

"MR. MACIAS: Yes.

"THE COURT: And also join and concur in the admission that is made by your client?

"MR. MACIAS: Yes, I do.

"THE COURT: Upon motion of Mr. Macias then, the prior—the denial of supplemental petition will be granted. And, Byron, how do you then answer to the charges as enumerated by the court to you in the supplemental petition which I have just gone over with you?

"THE MINOR: What do you mean? This is—

"THE COURT: Well, do you now admit them or do you deny them?

"THE MINOR: Yes, I admit.

"THE COURT: You do admit them?

"THE MINOR: Yes.

"THE COURT: Let the record show that Bryon [sic] has now admitted the supplemental petition, the charges contained therein. And upon that admission, the court then does sustain the supplemental petition. And this matter will now have to be set down for a further dispositional hearing and the court will set the hearing for two weeks from today which will be November 8th . . ."

After the probation officer indicated that the dispositional hearing should be set "before the court here because there could be a California Youth Authority committment [*sic*] possibly," Judge Ballantyne set the dispositional hearing for November 8, 1978, in his courtroom. On November 2, 1978, appellant filed a motion pursuant to Code of Civil Procedure section 170.6[1] to disqualify Judge Ballantyne from handling the dispositional hearing. On November 8, 1978, Judge Ballantyne denied the section 170.6 motion, stating: "Of course, this court had presided over the hearing on October 25, 1978 and had made certain factual findings so the motion to disqualify is not timely filed so the court will not disqualify itself.

"The court would indicate for the record at this time the court has no bias or prejudice against this Respondent, has no feelings whatever in that respect." The judge then committed appellant to the California Youth Authority.

On the present appeal, appellant neither challenges the proceedings resulting in his admission nor contends that the CYA commitment constituted an abuse of discretion. ■ His sole contention, based on the premise that Judge Ballantyne did not determine any contested issue of fact at the October 25, 1978, hearing, is that his November 2, 1978, section 170.6 motion was timely and should have been granted. Thus, he concludes that the entire proceedings of November 8, 1978, were in excess of jurisdiction. Respondent contends that Judge Ballantyne's acceptance of the plea did involve determination of contested issues and that appellant's failure to disqualify him prior to the October 25, 1978, hearing precluded his subsequent section 170.6 motion.

In *Lyons* v. *Superior Court* (1977) 73 Cal.App.3d 625 [140 Cal.Rptr. 826], this court held that the hearing on a plea bargain did involve a contested issue of law or fact within the meaning of the first sentence of subdivision (1) of section 170.6. That subdivision provides: "(1) No judge, court commissioner, or referee of any superior, municipal or justice court of the State of California shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge or court commissioner is prejudiced against any party or attorney or the interest of any party or attorney appearing in such action or proceeding."

---

[1] All references are to Code of Civil Procedure unless otherwise indicated.

This court reasoned as follows: "Real party contends that the hearing on a plea bargain does not involve a 'contested issue of law or fact' within the meaning of the first sentence of subdivision (1) of [Code Civ. Proc., § 170.6]. Real party relies on *Fraijo* v. *Superior Court* (1973) 34 Cal.App.3d 222, 224 [109 Cal.Rptr. 909], for the proposition that neither the consideration of a plea bargain or imposition of sentence is a contested issue of law or fact within the meaning of section 170.6. We disagree. The statutory language 'any civil or criminal action or special proceeding of any kind or character...which involves a contested issue of law or fact' is expansive language suggesting the Legislature intended the scope of the statute to be all encompassing. In addition, there are numerous questions of law that may have to be determined by the court in deciding whether or not to accept the plea bargain. For example, whether or not the plea was made freely and has a basis in fact [citation] or whether the public interest would be served ('The trial judge must reach an independent judgment as to whether the public interest in the effective administration of criminal justice will be served by granting the concessions' [citation]), or whether the plea, if it is not to the offense charged, is to a lesser offense reasonably related to the offense charged [citation] all potentially involve contested issues of law.

"While the issues may not be disputed between the prosecution and the defense, there may well be a conflict between the defense and the court over these matters. If the judge questions whether the public interest would be served by accepting the plea, there would appear to be a contested issue just as much as if the conflict was between the prosecution and the defense. The purpose of the statute, to prevent a judge who one of the parties feels may be biased from ruling on an issue, would appear to be implemented by applying the statute to these situations.

"Furthermore, in this, as in many plea bargains, the exact sentence to be given the defendant is left open to question and there is the possibility of a contest between prosecution and defense as to what that sentence should be.

"Where sentencing is conducted by the same judge who accepts the plea, a motion to disqualify must be made before the plea bargain is accepted—otherwise the motion is untimely. [Citations.] Where a *different* judge presides at the sentencing the motion may be timely. Sentencing may in a given case be a determination of a factual issue on the merits because evidence may be presented at a probation hearing under Penal Code sections 1203 or 1204. While ordinarily sentencing is

not a separate proceeding under Code of Civil Procedure section 170.6 but is merely a continuation of the original action [citation], under Penal Code section 1204 and under the determinate sentencing law there may appear to be several conflict of fact possibilities. (See, for example, Pen. Code, § 1170 and Cal. Rules of Court, rules 421 and 423; *People v. Smith* (1961) 196 Cal.App.2d 854, 859 [17 Cal.Rptr. 330], which specifically held in a probation modification case '. . . Where a litigant has not previously exercised his privilege under 170.6 he may do so in a proceeding supplemental to the original action as to a judge other than any judge who has previously heard any phase of the matter, provided that he does so before the commencement of the hearing of the supplemental proceedings by such judge and within the time limitations specified in the section.')" (*Lyons v. Superior Court, supra,* 73 Cal. App.3d at pp. 627-628, fn. omitted.)

In *Smith* v. *Municipal Court* (1977) 71 Cal.App.3d 151 [139 Cal.Rptr. 121], a case somewhat more analogous to the instant case, the court held that the defendant's section 170.6 challenge was untimely where filed prior to sentencing but after the sentencing judge had accepted a guilty plea entered pursuant to a plea bargain. The *Smith* court reasoned: "The tendering of a guilty plea pursuant to a plea bargain, followed by acceptance of the plea by the judge, is the functional equivalent of a trial under Code of Civil Procedure section 170.6. Therefore, to be timely, a motion to disqualify must be made before the plea bargain is approved by the judge. (*People* v. *Barnfield* (1975) 52 Cal.App.3d 210 [123 Cal.Rptr. 859].) Appellant attempts to distinguish *Barnfield* in that there the section 170.6 motion was made after sentence, while here the motion was made before sentence. However, a hearing on a probation report and sentence following the trial of the cause is a part and continuation of the original criminal action. It is not a separate proceeding or hearing *within the meaning of* Code of Civil Procedure section 170.6. [Citations.] The same principle applies where a guilty plea entered upon a plea bargain is followed by a probation and sentence hearing, inasmuch as a guilty plea, once accepted by the court, is the equivalent of a verdict of a jury, constitutes a conviction, and leaves nothing to be done but pronouncement of judgment and imposition of punishment. [Citation.]" (*Smith* v. *Municipal Court, supra,* at pp. 153-154.)

There are two principal distinctions between the instant case and *Lyons* and *Smith*: The instant case involves a juvenile proceeding, not a

criminal one, and the admission did not, so far as the record shows, involve a "plea bargain." Appellant rests his contention solely on the second distinction, asserting that the acceptance of a straight or unconditional plea or admission entails resolution of no contested issues.

We agree with respondent that appellant's attempted distinction is one without a difference, that an acceptance of a "straight" admission does potentially involve contested issues, and that the motion to disqualify must be made before the judge accepts the admission. To paraphrase *Smith,* the tendering of an admission followed by acceptance of the admission by the judge is the functional equivalent of a trial under section 170.6.

Welfare and Institutions Code section 602 establishes that any person under age 18 who violates any federal, California, city or county criminal law or ordinance—other than age curfew—may be adjudged a ward of the juvenile court. At the jurisdictional hearing on a section 602 petition, the court first considers whether the minor is a person described by section 602. A finding to this effect must be based on proof beyond a reasonable doubt. (Welf. & Inst. Code, § 701.) After hearing the evidence, the court shall make a finding whether or not the minor is a person described by section 602.

In *In re Ronald E.* (1977) 19 Cal.3d 315, 321 [137 Cal.Rptr. 781, 562 P.2d 684], the Supreme Court stated: "The *Boykin-Tahl* protections afforded an accused, other than the right of trial by jury, are available to juveniles charged pursuant to the Juvenile Court Law, as proceedings thereunder may result in a substantial deprivation of liberty analogous to incarceration for crime. [Citation.] The absence of a knowledgeable waiver of constitutional rights before entering a guilty plea or, in the case of juvenile court proceedings, the admission of jurisdictional facts constitutes grounds for relief on habeas corpus. [Citation.]" (*Ibid.*)

In *In re Mary B.* (1971) 20 Cal.App.3d 816, 820 [98 Cal.Rptr. 178], the court explained: "In adult prosecutions a plea of guilty cannot stand unless the record 'specifically and expressly' shows the enumeration and waiver of constitutional rights. [Citations.] When a juvenile admits an offense which involves delinquency and potential detention, the record must similarly reflect his knowledge and waiver of rights. [Citation.]" (*Ibid.*)

In the first instance, it is for the judge before whom an admission is tendered to satisfy himself that the admission is knowing, intelligent, and voluntary and in full compliance with the requisites of *Boykin-Tahl* and progeny, insofar as they apply to juvenile proceedings. Whether the plea was *freely* made is one of the potentially contested issues of law identified in *Lyons.*

While Penal Code section 1192.5 does not apply as such to juvenile proceedings, in certain circumstances, the minor's tender of an admission may impose a duty upon the judge to determine whether there is a factual basis for the admission. (See *North Carolina* v. *Alford* (1970) 400 U.S. 25, 38, fns. 10 and 11 [27 L.Ed.2d 162, 171-172, 91 S.Ct. 160].) For example, the minor may tender an admission coupled with protestations of innocence, creating, in the words of *Lyons,* "a conflict between the defense and the court." (*Lyons* v. *Superior Court, supra,* 73 Cal.App.3d at p. 628.)

Finally, whether the admission be straight or part of a "plea bargain," the exact disposition to be given the minor is left open to question and there is possibility of a contest between the petitioner and the minor as to what that sentence should be. (See *Lyons* v. *Superior Court, supra,* 73 Cal.App.3d at p. 628.)

If it finds that the minor is a person described by Welfare and Institutions Code section 602, the court "shall then proceed to hear evidence on the question of the proper disposition to be made of the minor." The court *may* continue the hearing, if necessary, to receive the probation officer's social study or other evidence. Further, where the court has found the minor committed an offense punishable as a felony or misdemeanor in adult cases, it shall determine the offense to be a misdemeanor or a felony. (Welf. & Inst. Code, § 702.) After receiving and considering evidence as to disposition, the court may either place the minor on six months probation without wardship or adjudge the minor a ward. (Welf. & Inst. Code, § 725.)

It should be noted that while appellant seeks to characterize acceptance of an admission as a "pretrial proceeding to which section 170.6 does not apply" (see *Fraijo* v. *Superior Court* (1973) 34 Cal.App.3d 222 [109 Cal.Rptr. 909]), nothing in the statute precludes the juvenile court from proceeding immediately to the disposition phase after the admission is accepted and basic jurisdictional findings are made. Finally, before committing a minor to the California Youth Authority, the

court must make a finding of probable benefit to the minor (Welf. & Inst. Code, § 734), which may entail resolution of a conflicting factual issue.

For the foregoing reasons, we hold that where the dispositional hearing was conducted by the same judge who had accepted appellant's admission of the allegations of the amended supplemental petition, appellant's failure to move to disqualify prior to acceptance of the admission rendered his later motion untimely.

The judgment is affirmed.

Hopper, J., and Zenovich, J., concurred.