1999 SD 140

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**James Walter BURGERS, Defendant and Appellant.**

**No. 20790.**

Supreme Court of South Dakota.

Considered on Briefs April 26, 1999.

Decided Oct. 27, 1999.

Rehearing Denied Dec. 3, 1999.

Mark Barnett, Attorney General, Grant Gormley, Assistant Attorney General, Pierre, for plaintiff and appellee.

Michael J. Butler, Sioux Falls, for defendant and appellant.

KONENKAMP, Justice.

[¶ 1.] James Walter Burgers appeals the denial of an order for change of judge and the refusal to grant bail pending appeal. His request for a change of judge was untimely because he pleaded guilty earlier, and the denial of bail was not an abuse of discretion. We affirm.

## Facts

[¶ 2.] On June 12, 1998, Burgers appeared with counsel in magistrate court on a complaint charging sexual contact with a child. He waived his right to a preliminary hearing. The magistrate judge then set bond at $10,000 because he found that Burgers posed a danger to others and was a flight risk. An arraignment was scheduled for Monday, June 15, 1998, before Presiding Circuit Judge Judith K. Meierhenry. Because of a death in her family, Judge Meierhenry was away on June 15. Judge William J. Srstka, Jr. handled the scheduled arraignments in her absence. At the beginning of the proceedings, however, Judge Srstka informed all parties that the cases he heard that morning would be assigned to him.

[¶ 3.] In open court, Burgers was fully informed of all his constitutional and statutory rights. Following the reading of the information charging Burgers with the same offense alleged in the earlier complaint, the judge thoroughly canvassed him about his rights and his intent to plead guilty. By plea agreement he was to plead guilty to one incident and no other charges concerning the same victim would be brought against him. The record shows that Burgers made his decision knowingly, intelligently, and voluntarily, with advice and assistance of counsel. He pleaded guilty to sexual contact with a child under sixteen years of age, a violation of SDCL 22–22–7. When the judge sought the facts

to support the plea, the prosecutor responded that both sides had agreed to "reserving a factual basis until the time of sentencing." The court therefore postponed taking a factual basis and ordered a presentence investigation. No sentencing date was set at that time.

[¶ 4.] Eleven days later, by letter dated June 26, 1998, Burgers' attorney asked Judge Srstka to recuse himself. Counsel also filed an affidavit for change of judge. The matter came before Presiding Judge Meierhenry who declined to assign another judge because Burgers' request was untimely. Burgers asked for reconsideration, contending that Judge Srstka's appearance at the arraignment was unanticipated. Judge Meierhenry then granted Burgers' request for a change of judge.

[¶ 5.] On August 12, 1998, Judge Meierhenry again reconsidered. She concluded that Burgers waived his right to disqualify Judge Srstka by entering a guilty plea. Her letter decision stated: "Under the system used in this circuit, no case is assigned to a specific judge until after the defendant has been arraigned and enters a plea. If a defendant pleads not guilty, the case is set for a hearing in front of the judge assigned to the case." But here, before the guilty plea, Judge Srstka had announced that he was assigned to the case. A guilty plea, Judge Meierhenry ruled, was a "submission to a judge ... of argument or proof in support of a motion or application." Burgers' request for a change of judge was again denied.

[¶ 6.] On October 26, 1998, Burgers appeared for sentencing before Judge Srstka. The court accepted the guilty plea as voluntary: Burgers was represented by competent counsel, was advised of his rights, knew the nature of the charges against him, and realized the consequences of a guilty plea. By agreement, the presentence investigation report provided the factual basis. Burgers was sentenced to fifteen years in the penitentiary, with ten years suspended on conditions. He then moved for bail pending appeal. His request was summarily denied.

[¶ 7.] Burgers now appeals, raising two issues: (1) Whether the presiding judge erred in holding that a guilty plea is a "submission to a judge . . . of argument or proof in support of a motion or application" under SDCL 15–12–24.(2) Whether the sentencing court erred in denying bail pending appeal.

### Standard of Review

■■■ [¶ 8.] An objection to a designated judge raises a question of jurisdiction. *Denny v. Commonwealth,* 175 Ky. 357, 194 S.W. 330, 332 (1917); *see* J.H. Cooper, Annotation, *Time for Asserting Disqualification of Judge, and Waiver of Disqualification,* 73 A.L.R.2d 1238, 1263 (1960). Jurisdiction is a question of law. *Kroupa v. Kroupa,* 1998 SD 4, ¶ 10, 574 N.W.2d 208, 210. We review legal questions de novo. *Id.* (citing *Moss v. Guttormson,* 1996 SD 76, ¶ 10, 551 N.W.2d 14, 17). With legal questions no deference is given to the circuit court's conclusions. *Id.* (citing *Kent v. Lyon,* 1996 SD 131, ¶ 15, 555 N.W.2d 106, 110).

### Analysis and Decision

**1. Guilty Plea Waives Right to Remove Judge**

■■■ [¶ 9.] Although some situations will permit late filing of affidavits for change of judge (SDCL 15–12–28), parties waive the right to disqualify judges to whom they submit "argument or proof in support of a motion or application[.]" SDCL 15–12–24.[1] The question here is whether a guilty plea is a "submission." Our procedural rules give no explicit answer.

[¶ 10.] Out-of-state authority provides little assistance because other jurisdictions have dissimilar recusal statutes. In reviewing those cases, nonetheless, we see that some courts find a distinction between a defendant offering a guilty plea and a court accepting that plea. Those decisions are based on statutory language allowing removal of a judge before a matter is "called for trial" or a "contested issue" is determined.[2] Our rule makes the triggering event the "submission" of "argument or proof." Although it was not until after his change of judge request that Burgers' plea was accepted, it was before the request that his plea was submitted.

[¶ 11.] South Dakota law expressly sanctions delayed acceptance of a guilty plea. Under SDCL 23A–7–14 (Rule 11(f)), "[t]he court *shall defer* acceptance of any plea except a plea of nolo contendere until it is satisfied that there is a factual basis for the offense charged or to which the defendant pleads." (Emphasis added.) "The

---

1. SDCL 15–12–24:

   The submission to a judge or magistrate of argument or proof in support of a motion or application, or upon trial, is a waiver of the right thereafter to file an affidavit for change of such judge or magistrate by any party or his counsel who submitted the same or who after notice that such matter was to be presented, failed to appear at the hearing or trial. Such waiver shall continue until the final determination of the action and includes all subsequent motions, hearings, proceedings, trials, new trials, and all proceedings to enforce, amend or vacate any order or judgment.

   SDCL 15–12–28:

   If the affidavit for change is against a judge or magistrate who is to preside who was not regularly scheduled to do so, the provision of § 15–12–27 shall govern if there be sufficient time after the party has knowledge or notice of such change of judge or magistrate, and if there is not sufficient time, the request for disqualification and the affidavit may be filed promptly after such knowledge or notice, but must be filed prior to the time set for the trial of such action.

2. These courts hold that acceptance of a guilty plea is a decision on a contested question, the functional equivalent to a trial. *See Lyons v. Superior Court,* 73 Cal.App.3d 625, 140 Cal.Rptr. 826, 827 (1977)(affidavit of prejudice must be submitted before plea bargain is accepted); *In re Byron B.,* 98 Cal. App.3d 330, 159 Cal.Rptr. 430, 435 (1979)(motion to disqualify must be made before judge accepts admission); *State v. Tatkenhorst,* 103 Ariz. 156, 437 P.2d 948, 951 (Ariz.1968)(peremptory right of disqualification timely if it is after plea but before judgment and hearing on sentence mitigation).

court may not enter a judgment unless it is satisfied that there is a factual basis for any plea except a plea of nolo contendere." SDCL 23A–7–2 (Rule 11(a)). Further-more, "the court may accept or reject the [plea] agreement, or may *defer* its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report." SDCL 23A–7–9 (Rule 11(e)(2))(emphasis added). These enactments contemplate no change of judge while acceptance of a plea is de-layed. On the contrary, deferment allows a judge further time to consider the mat-ter.[3] Here, both sides agreed to reserve inquiry into the factual basis until the sentencing date.

[¶ 12.] In *State v. Chamley,* 1997 SD 107, ¶ 42, 568 N.W.2d 607, 619, we held that the submittal of motions and an attempt to argue their merits constitute a waiver of the right to seek recusal. Waiver affixed though the court made no ruling on any pending motion. *Id.* Likewise, we interpret the recusal waiver rule as not requiring a court to accept a plea before it is consid-ered a "submission." A guilty plea is "proof" on an "application" which a court may reject, accept, or defer. With a plea of guilty the prosecutor's burden of proof is relieved, and thus the plea is itself *proof* or its equivalent.

[¶ 13.] Here, we are interpreting our own rules, not legislative enactments, but we see no reason to depart from estab-lished canons. Our aim in interpretation, discovering intent, should not be limited to reading bare language; "we must also re-flect upon the purpose of the [rule], the matter sought to be corrected and the goal to be attained." *De Smet Ins. Co. of South Dakota v. Gibson,* 1996 SD 102, ¶ 7, 552 N.W.2d 98, 100 (citations omitted). The purpose behind our peremptory recusal rules is to allow removal of a judge without stating any reason if a party entertains concern about a judge's impartiality. Once a party puts a matter before a judge,

however, judicial economy and fairness to the other parties require that it remain there. Presiding Judge Meierhenry did not err in disallowing the affidavit for change of judge.

## 2. Bail Pending Appeal

[¶ 14.] Burgers argues that the trial court abused its discretion by not setting bail pending appeal. SDCL 23A–43–16 states in part:

> On motion of a defendant who has been convicted of an offense, the court in which the conviction was had *may* re-lease the defendant prior to the entry of judgment, pending the expiration of time for filing notice of appeal, and pending the outcome of the appeal. The court in determining the eligibility of the defendant for release shall consider the criteria as set forth in § 23A–43–4, the risk that the defendant will flee or pose a danger to any person or to the commu-nity, and in the case of an appeal, wheth-er the appeal is frivolous or taken for purposes of delay.... If, however, the judgment imposes only a fine, condition-al release under this section is a matter of right.

(emphasis added). SDCL 23A–43–4 lists the factors the court shall consider in bail matters:

> In determining which conditions of re-lease will reasonably assure appearance, a committing magistrate or court shall, on the basis of available information, take into account the nature and circum-stances of the offense charged, the weight of the evidence against the de-fendant, the defendant's family ties, em-ployment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings, and the risk that he will

3. We note that Judge Srstka did make the required inquiries under SDCL 23A–7–4 (Rule 11(c)) and SDCL 23A–7–5 (Rule 11(d)) at the arraignment hearing.

flee or pose a danger to any person or to the community.

[¶ 15.] First, § 23A–43–16 states that a court *may* release a person on bail pending appeal. "With respect to legislative enactments, we have held that the word 'may' in a statute should be construed in a permissive sense unless the context and subject matter indicate a different legislative intent." *Person v. Peterson*, 296 N.W.2d 537, 538 (S.D.1980)(per curiam) (citations omitted). Burgers makes no showing that there is any other context in which the word "may" should be considered. Second, at the sentencing hearing, Judge Srstka heard details on the pertinent factors listed in § 23A–43–4. We may presume, too, that the court was familiar with the file and thus knew the magistrate's earlier findings on the bond question. Because relevant evidence under § 23A–43–4 was presented to the judge, and § 23A–43–16 is a discretionary statute, we find no abuse of discretion in refusing bail pending the outcome of this appeal.

[¶ 16.] Affirmed.

[¶ 17.] MILLER, Chief Justice, and GILBERTSON, Justice, concur.

[¶ 18.] SABERS and AMUNDSON, Justices, dissent.

SABERS, Justice (dissenting).

[¶ 19.] Crucial to the analysis of this issue is the standard of review. Abuse of discretion is broad, but it is tempered by its own definition: "[a]n abuse of discretion refers to a discretion exercised to an end or purpose not justified by and clearly against, reason and evidence." *State v. Jensen*, 1998 SD 52, ¶ 20, 579 N.W.2d 613, 617 (quoting *State v. Jones*, 521 N.W.2d 662, 673 (S.D.1994) (citation omitted) (internal quotations omitted)). Furthermore, "[i]mplicit ... within the exercise of discretion is the requirement that the decision not be arbitrary, meaning it must be within a range of permissible choices and have a rationale based in evidence." *Pel-*

*legrin v. Pellegrin*, 1998 SD 19, ¶ 31, 574 N.W.2d 644, 650 (Konenkamp, J., concurring in part and dissenting in part).

[¶ 20.] "Ordinarily, 'arbitrary' is synonymous with bad faith or failure to exercise honest judgment and an arbitrary act would be one performed without adequate determination of principle and one not founded in nature of things." BLACK'S LAW DICTIONARY 104–05 (6th ed.1990) (citation omitted). "A court's failure to explain its reasoning leaves an unnecessary void in the process, which may, in certain circumstances, obscure an arbitrary decision." *Pellegrin*, 1998 SD 19, ¶ 31, 574 N.W.2d at 650 (Konenkamp, J., concurring in part and dissenting in part) (citing *Braaten v. Deere & Co., Inc.*, 569 N.W.2d 563, 565 (N.D.1997) (stating that an "abuse of discretion occurs when a court acts in an arbitrary ... manner")). The Nebraska Supreme Court also recently defined an abuse of discretion:

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system.

*Tyler v. Tyler*, 253 Neb. 209, 570 N.W.2d 317, 319 (1997) (citing *Jirkovsky v. Jirkovsky*, 247 Neb. 141, 525 N.W.2d 615 (1995); *Pendleton v. Pendleton*, 242 Neb. 675, 496 N.W.2d 499 (1993)).

[¶ 21.] In this case, it was an abuse of discretion for Judge Meierhenry to deny Burgers' request for a change of judge 47 days after she granted the request. Initially, Burgers had been notified that he would be appearing before Judge Meierhenry. When he appeared at his arraignment, Judge Srstka was presiding instead due to an emergency in Judge Meierhenry's family. Burgers had no notice that Judge Srstka would be presiding over his arraignment.

[¶ 22.] On July 15, 1998, Judge Meierhenry denied Burgers' request for a change of judge. However, after Burgers requested a motion hearing, she granted his request on July 29 and stated, in part: "I did not realize when the Affidavit reached my office that this case was originally my case and that Judge Srstka only took the plea because I could not be there. Disregard the denial and set the matter for sentencing on my calendar."

[¶ 23.] An informal meeting was then held in her chambers on July 31 with Judge Srstka, State's Attorney Dave Nelson and Burgers' attorney, Michael Butler, present. On August 12, she changed her mind and issued a written decision in support of her decision to deny Burgers his request for a change of judge. She concluded that, based on SDCL 15–12–24, Burgers "waived his right to disqualify Judge Srstka by submitting his plea of guilty to Judge Srstka."

[¶ 24.] Judge Meierhenry's decision to ultimately deny Burgers' request was arbitrary and, therefore, an abuse of discretion. It was inherently unfair to deny Burgers a change of judge in light of the fact that he had no notice that Judge Srstka would be taking his case. Given the specific circumstances of this case, Judge Meierhenry was correct when she granted Burgers' request for a change of judge and abused her discretion when she subsequently denied the request after 47 days had lapsed.

[¶ 25.] I would reverse and remand for a new sentencing hearing before Judge Meierhenry.

[¶ 26.] Although it is not necessary to reach, the majority opinion's analysis is further flawed in that a plea is not a submission of an "argument or proof in support of a motion or application" as required by SDCL 15–12–24.

[¶ 27.] SDCL 15–12–28 allows a party to file an affidavit for a change of judge when the judge who is to preside was not the one regularly scheduled to do so. This statute provides:

> If the affidavit for change is against a judge or magistrate who is to preside who was not regularly scheduled to do so, the provision of § 15–12–27 shall govern if there be sufficient time after the party has knowledge or notice of such change of judge or magistrate, and if there is not sufficient time, the request for disqualification and the affidavit may be filed promptly after such knowledge or notice, but must be filed prior to the time set for the trial of such action.

SDCL 15–12–28. In this case, Burgers appeared in magistrate court on June 12, 1998. He waived his right to a preliminary hearing and an arraignment was scheduled for June 12, 1998 in front of Presiding Circuit Court Judge Judith Meierhenry. However, Judge Meierhenry was unable to attend on June 12 and Judge Srstka handled the arraignment. During the arraignment, Judge Srstka announced that the cases he heard that morning would be assigned to him.

[¶ 28.] At the end of the arraignment, Burgers pled guilty to sexual contact with a child under sixteen years of age, a violation of SDCL 22–22–7.

[¶ 29.] Eleven days later, on June 26, 1998, Burgers' attorney asked Judge Srstka to recuse himself and filed an affidavit for change of judge. Judge Meierhenry granted Burgers' request for change of judge. Judge Meierhenry was right. However, 47 days later, on August 12, 1998, Judge Meierhenry reconsidered and found that Burgers had waived his right to request a change of judge by entering a guilty plea, which she considered to be a "submission" under SDCL 15–12–24.

[¶ 30.] SDCL 15–12–24 reads, in part:

> The submission to a judge or magistrate of argument or proof in support of a motion or application, or upon trial, is a waiver of the right thereafter to file an affidavit for change of such judge or

magistrate by any party or his counsel who submitted the same . . . .

This statute specifically restricts the submission to an "argument or proof in support of a motion or application"; a submission does not include the entering of a guilty plea at an arraignment.

[¶ 31.] When the recusal statutes are read together, one must conclude that "submission" refers to an argument or proof that goes to the heart of the merits. SDCL 15–12–28 authorizes a party to file, within the time constraints of SDCL 15–12–27, an affidavit for change of judge after receiving notice of the change of judges. SDCL 15–12–27 allows a party to file the affidavit not less than 5–10 days before trial, depending on the circumstances. Yet, the majority opinion is saying that this statutory right is thwarted by SDCL 15–12–24, which waives that right after that party makes a "submission" to the court. However, when the statutes are read together, the "submission" must clearly be an argument or motion relating to the merits of the case and which involves the court's discretion; as the statute specifically reads, it must be an "argument or proof in support of a motion or application" which involves the merits of the action. Under this proper reading, the entering of a guilty plea at an arraignment is not such a "submission."

[¶ 32.] In *State v. Winckler*, 260 N.W.2d 356 (S.D.1977), this court dealt with a similar issue. The defendants in *Winckler* sought recusal before the arraignment and Judge Kern refused to recuse himself. The statute involved in *Winckler* has since been changed, but the discussion is still pertinent: [4]

The difficulty with defendants' reliance on [the recusal statute] and the cases interpreting its precursors is that the statute has no relation to proceedings under consideration. The statute is aimed at insuring that defendants receive a fair and impartial trial. The fear is that the jurors may be swayed by the bias or prejudice of the judge asked to step down. However, an arraignment contains none of those trappings. We find that [the recusal statute] applied only to the actual trial of the criminal case and did not require the judge to step down in this pretrial proceeding.

*Id.* at 364 (internal footnotes omitted) (citations omitted). In a footnote, the court recognized that "[t]he statutes [SDCL 15–12–27] currently in force may yield a different result." *Id.* at n. 11. In analysis, the purpose of the recusal statutes remains the same: to ensure a fair and impartial trial. The arraignment proceeding consists of the "reading [of] the indictment, information or complaint, as is applicable, to the defendant or stating to him the substance of the charge and calling on him to plead thereto." SDCL 23A–7–1. The only action taken by the judge at the arraignment is receipt of the defendant's plea; the judge does not hear arguments regarding the merits of the action at this phase. Clearly, the arraignment is not the venue where an "argument or proof in support of a motion or application" is made. The entering of a guilty plea is not a "submission" under SDCL 15–12–24; thus, the right to make a motion for change of judge was not waived here.

4.  The statute provided:
    If the defendant in a criminal action prosecuted in the circuit court by indictment or information shall make affidavit that he cannot have an impartial trial by reason of the bias or prejudice of the presiding judge of the circuit court where the indictment or information is pending, the judge of such court must call some other judge of the circuit court to preside at said trial . . . and do any other act with reference thereto as though he were presiding judge of said circuit court. If said affidavit shall be filed at least twenty days before the term of court at which said case is for trial, the clerk shall forthwith transmit a copy thereof to the presiding judge of the Supreme Court, who shall forthwith designate the judge to try said case.
    SDCL 23–28–8, replaced by the recusal statutes in SDCL ch. 15–12, by virtue of Supreme Court Rule 75–5, effective January 1, 1976.

[¶ 33.] Therefore, Judge Meierhenry was right in granting Burgers' request for a change of judge and we should reverse and remand for a new sentencing hearing before Judge Meierhenry.

[¶ 34.] AMUNDSON, Justice, joins this dissent.