No. 87-308

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

ALLEN E. ERICKSON and MELBA E.
ERICKSON,

        Plaintiffs and Respondents,

   -vs-

DALE P. HART,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Terry A. Wallace, Missoula, Montana

    For Respondent:

        Kammerer Law Offices; Clinton H. Kammerer, Missoula,
        Montana

_____

Submitted on Briefs:  Jan. 14, 1988

Decided:  March 1, 1988

Filed:  **MAR 1 - 1988**

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Dale P. Hart appeals an order of the Fourth Judicial District, Missoula County, granting possession of real property to plaintiffs Allen and Melba Erickson during the pendency of this action. We reverse and remand.

One issue is presented for our review:

Did the District Court abuse its discretion when it transferred real property to plaintiffs by injunction or restraining order?

In November 1985 defendant Dale P. Hart assumed the Terrace Mobile Home contract for deed by assignment. The contract required that Hart make monthly payments of $1541.44 to the sellers, Allen and Melba Erickson. Hart made monthly payments for approximately one year. In December 1986 and January 1987, Hart failed to make the monthly payments. On February 10, 1987, the Ericksons, pursuant to the contract, sent Hart a written notice of default. The Ericksons alleged that Hart was $3,629.88 in arrears. Hart was allowed sixty days to cure his default. Hart failed to cure his default. From November 1986 to May 18, 1987, Hart retained possession, did not make any payments and continued to collect rents.

On May 1, 1987, sellers Allen and Melba Erickson brought this action demanding: (1) return of the property; (2) damages for payments not tendered; (3) restitution for monies paid by the Ericksons for liability insurance; and (4) recovery of rents and lost profits. On May 1, 1987, the Ericksons successfully moved the District Court to require defendant to show cause why the real property should not be transferred to the Ericksons pending the outcome of the matter. Hart was served with the order on May 4, 1987.

2

At the May 11, 1987, hearing, Hart acknowledged that he had not made any payments since December 1986. Hart testified that he had and was continuing to collect rents from the mobile home rentals. Hart testified that he had allowed the liability insurance to lapse in violation of the contract. Hart agreed that it was unfair for him to continue collecting the rents and to remain on the property while making no payments. Hart admitted the property should be in the possession of some other party but claimed that his assignors should have priority over the Ericksons. Melba Erickson testified that $97,000 of the $205,000 purchase price remained unpaid.

On May 12, 1987, eight days after receiving service on the order to show cause and eleven days after receiving service on the original complaint, defendant Hart moved for substitution of the district judge pursuant to § 3-1-802, MCA (1985), which has since been superseded by § 3-1-804, MCA. On May 18, 1987, the District Court, without addressing Hart's motion for substitution, found that:

    1. Defendant has made no payments;

    2. Plaintiffs have made a _prima facie_ case for default;

    3. The property in question needs to be protected;

    4. _Proper relief is in the form of a restraining order_;

    5. Plaintiffs are entitled to immediate possession:

      a) if they post a $20,000 bond [and]

      b) if they made all necessary repairs and pay taxes when in possession.

3

The court, after plaintiffs posted bond, restrained Hart from entering or remaining on the property and granted plaintiffs Allen and Melba Erickson possession.

After reviewing the record, it is clear that defendant Hart moved for substitution of the district judge on May 12, 1987. Therefore, the District Court's May 18, 1987 findings and order were made without proper jurisdiction. See § 3-1-802, MCA (1985), which permitted a party ten days after service of a show-cause order to make such a motion.

Although we are reversing the District Court, we note the court's finding, that the property in question needs to be protected, is supported by substantial credible evidence.

We disapprove of testing title to of real property by injunction or restraining order pending the outcome of litigation. Gibbons v. Huntsinger (1937), 105 Mont. 562, 74 P.2d 443, 449; Davis v. Burton (1952), 126 Mont. 137, 246 P.2d 236, 237; Eliason v. Evans (1978), 178 Mont. 212, 583 P.2d 398. "The general rule is that title to, or right of possession of real estate may not be litigated in an action for an injunction." Eliason, 583 P.2d at 402.

On remand, we instruct the District Court to consider appointing a receiver pursuant to § 27-20-101 et seq., MCA. See, Hastings v. Wise (1931), 89 Mont. 325, 297 P. 482.

Reversed and remanded.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

4

William E. Hunt Sr.

John C. Sheehy

L.C. Gulbrandson

F.C. McDonough

Justices