Carl **HICKMANN**, Beth Hickmann, and Brian P. Hickmann, Plaintiffs and Appellants,

v.

Troy W. **RAY**, D/B/A Eagle Realty, Timothy J. Conrad, Monica Conrad, Sylvia Conrad, Connie Ray and Steven M. Christensen, Defendants and Appellees.

No. 18534.

Supreme Court of South Dakota.

Considered on Briefs March 22, 1994.

Decided July 6, 1994.

Jerry C. Rachetto, Deadwood, for plaintiff and appellant.

Edward D. Carpenter of Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, for defendants and appellees Ray, Eagle Realty, and Christensen.

Jeffrey G. Hurd of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendants and appellees Conrad.

## PROCEDURAL HISTORY & FACTS

HENDERSON, Justice.

Carl, Beth, and Brian P. Hickmann (collectively "Hickmanns") commenced a rescission action against a group of defendants, which included attorney Steven M. Christensen, who at one time represented the other defendants in this action. The Honorable Warren Johnson, Presiding Judge of the Eighth Judicial Circuit, set trial for September 9–10, 1993. Less than a month before trial, on August 13, 1993, Governor Walter D. Miller appointed Christensen as a judge for the Eighth Judicial Circuit, to be sworn into office November 1, 1993.

Because Christensen was to serve with Judge Johnson in that circuit, Hickmanns informally requested Judge Johnson to disqualify himself from the case. Judge Johnson denied the request stating that his only contact with Christensen was that of judge and practicing attorney.

Hickmanns then prepared a formal affidavit requesting a change in judge. Meanwhile, Christensen withdrew his nomination to the judicial appointment. Per SDCL 15–12–32, when the disqualification of a presiding circuit court judge is sought, the senior judge of the circuit—in this case, the Honorable Scott Moses—reviews the affidavit for disqualification. On September 8, 1993, Judge Moses rejected the Affidavit because it had not been timely filed. Hence, Judge Johnson presided over the trial.

Hickmanns appeal the following issues:

I. Did Judge Johnson abuse his discretion by not recusing himself from the case when one of the defendants was appointed to his judicial staff?

II. Did Judge Moses err in finding that the affidavit for change of judge was not timely filed?

III. Did the trial court abuse its discretion in referring this matter to another judge?

Finding that Judge Johnson did not abuse his discretion by presiding over this case, we affirm under Issue I and do not address the remaining issues.

## DECISION

Hickmanns, via SDCL 15–12–21.1, informally requested that Judge Johnson recuse himself due to defendant Christensen's appointment to serve on the bench with Judge Johnson. Although Canon 2 of the *South Dakota Code of Judicial Conduct* states, "A judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities," the decision to preside over a case is addressed to the sound discretion of the trial judge. *State v. Lohnes,* 432 N.W.2d 77, 83 (S.D.1988). The judge is entitled to consult his own mind and he, perhaps better than anyone else, knows whether or not he can give a party a fair and impartial trial in every way. *Tri–State Refining v. Apaloosa Co.,* 452 N.W.2d 104, 107 (S.D.1990).

Christensen was scheduled to be sworn in as a circuit judge on November 1, 1993, nearly two months after trial was scheduled to end. When asked to disqualify himself based on Christensen's pending judgeship, Judge Johnson considered the request and concluded that he could be fair and impartial in presiding over this case. Nevertheless, Christensen declined the appointment prior to trial, thus eliminating the rationale behind the disqualification request and any alleged improprieties. We agree that Judge Johnson did not abuse his discretion by presiding over this case.

Affirmed.

SABERS and AMUNDSON, JJ., concur.

MILLER, C.J., and WUEST, J., concur in result.

WUEST, Justice (concurring in result).

Although I concur in the result reached by the majority opinion, I must disagree with the rationale utilized as the basis for the decision. Whether Judge Johnson abused his discretion is not an issue in this case, and should not serve as a reason for affirming the result. Because reasons are not required in either an informal request or in an affidavit requesting a change of judge, the better grounds for affirming this result should be based in the statutorily mandated review of the affidavit based on waiver and timeliness.

SDCL 15–12–21.1 provides the initial step that must be taken when a party seeks to have a judge disqualified; * that is, the party must first make an informal request. The statute makes clear that the party making the request need not give a reason, and the opposing party may not contest the request. *Id.* Likewise, the judge need not give a reason for either a grant or denial of the informal request.

If the informal request is denied, the party seeking the change of judge may file an affidavit with the clerk of courts. SDCL 15–12–30. The form and contents of the affidavit are prescribed by statute, including the directive that it is *not necessary* to state a "ground or reason" for the belief that a "fair and impartial trial" cannot be had before the

---

* SDCL 15–12–21.1 provides:

Prior to filing an affidavit for change of judge, the party or his attorney shall informally request the judge or magistrate who, in the ordinary course, would preside at the hearing or trial, to disqualify himself. He shall not be required to state his reasons, but may if he desires. Informally shall mean by letter, oral communication, or dictating it into the record in open court or chambers; however, the opposing parties should receive copies of any letters, or be apprised of any communications to the court, but cannot contest the request. If the judge or magistrate grants the request, he shall forthwith notify the presiding judge, who shall assign the case to some other judge or magistrate. If the judge refuses the request, he shall forthwith notify in writing the parties or their attorneys. Writing may include a letter, order, or dictation into the record. *Id.*

assigned judge. SDCL 15–12–26. The affidavit is then reviewed by the "presiding judge of the circuit court or in his absence or disqualification as the judge sought to be changed, the senior judge of the circuit[.]" SDCL 15–12–32. That reviewing judge—in this case, Judge Moses—is to review the affidavit; and if "it is determined that the affidavit is timely and that the right to file the affidavit has not been waived or is not otherwise legally defective, shall assign some other circuit judge or magistrate of that circuit as is appropriate to preside in such action[.]" *Id.* Thus, it was Judge Moses' duty to review the affidavit as to (1) timeliness; (2) waiver; and (3) other legal defect. Judge Moses had no duty to review any *reason* for the request of change of judge, or to determine whether Judge Johnson had abused his discretion in denying the informal request—no reasons are necessary. The memorandum opinion and order reveal that the basis for Judge Moses' decision to refuse the request for a change of judge was that the affidavit was not timely filed.

First, it is clear that Hickmanns waived any right to a change of judge by submitting to the jurisdiction of the court. SDCL 15–12–24; *Fullmer v. State Farm Ins. Co.*, 514 N.W.2d 861, 865 (S.D.1994); *Tri–State Refining and Investment Co. v. Apaloosa Co.*, 452 N.W.2d 104, 108 (S.D.1990); *In re Establishing Certain Territorial Electric Boundaries Within S.D.*, 318 N.W.2d 118, 120–21 (S.D.

1982). This action was filed on July 1, 1992; and Judge Johnson had ruled on numerous motions during the pendency of the litigation.

Hickmanns argued that waiver was not applicable because of the special circumstances involving the appointment of a new judge. Even if this argument is accepted (which I do not), Judge Moses correctly determined that the affidavit was not timely filed. This matter was scheduled for a trial to the court on September 9–10, 1993. SDCL 15–12–27(2)(a) provides that in actions set for trial to the court without a jury, an affidavit for change of judge must be filed "not less than five days before the date set for trial." *Id.* Applying our rules on computation for time as set out in SDCL 15–6–6(a), Judge Moses determined that the affidavit was not filed within the five days allowed by statute. The affidavit for change of judge should have been filed by September 1; but it was not filed until September 3, 1993.

I would affirm on this basis.

MILLER, C.J., joins this special writing.