**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Ralph Dean PETERSON, Defendant and Appellant.**

No. 18675.

Supreme Court of South Dakota.

Considered on Briefs Oct. 20, 1994.

Decided May 17, 1995.

Mark Barnett, Atty. Gen., Wade A. Hubbard, Deputy Atty. Gen., Pierre, for plaintiff and appellee.

Michael W. Hanson, Sioux Falls, for defendant and appellant.

KONENKAMP, Justice.

A Minnehaha County jury found Ralph Peterson guilty of three counts of First Degree Rape and one count of Attempted First Degree Rape. All four offenses were against two of his minor daughters. The circuit court imposed life imprisonment plus 320 years. Peterson raises three issues on appeal, but we address only one because it is dispositive. We reverse and remand for a new trial because the trial judge was disqualified from hearing the case.

Approximately five days before trial was scheduled to begin Judge Srstka was assigned to the case in place of Judge Kean who had another trial set for the same date. On Monday, December 6, 1993, the day before trial, Peterson's counsel presented the court with an affidavit for change of judge:

> Mr. Hanson: Your Honor, maybe the first matter, I already told Mr. Peterson, he told me to bring a motion to recuse you. I prepared the affidavit for his signature, I've told him what your tentative decision is, but I guess just to make the record I'll take care of that now. I'll submit it to the Court.
>
> The Court: Go ahead. Well, I've—I conclude that this is for the purposes of delay, and I—I deny the affidavit. We're going to go to trial tomorrow at 1:30. And plus this is a contested hearing and we're in the hearing, so—all right.
>
> Mr. Hensley: Could I make just a little bit of a record on how the case came to be before you? And the Court may agree or disagree with my rendition.
>
> My understanding is that originally the case was assigned, after arraignment on the Indictment, to Judge Kean. The— Judge Kean did in fact hear a motions hearing, specifically defendant's motion to suppress admissions made by him to law enforcement officers. Judge Kean rendered a decision on the motions hearing. As we came to the scheduled trial date, my understanding that Judge Kean had a conflict with another trial, and, as the presiding judge, reassigned the case, without motion from either party, to you for hearing. I believe that that would be appropriate.
>
> The Court: I believe that's—that's correct. Last week maybe Wednesday or Thursday. I had the Court—I had the Court Administrator ask the—both attorneys if they had any objection, and the Court Administrator's office told me that neither had.
>
> So you both agree to that?
>
> Mr. Hensley: I do, Your Honor.
>
> Mr. Hanson: I have no personal objection.
>
> The Court: All right. So that's where we are. And the matter will—will go to trial.

Peterson's attorney properly filed the affidavit for change of judge with the clerk of courts on the same date.

## DISCUSSION

*Presiding Judge's Review*

When an affidavit for change of judge is filed, the judge "shall proceed no further ... and shall thereupon be disqualified as to any further acts with reference thereto unless otherwise ordered to proceed by the presiding judge...." SDCL 15–12–22; *see* *Hickmann v. Ray*, 519 N.W.2d 79, 81 (S.D. 1994) (Wuest, J., concurring in result). As this court noted in *State v. Tapio*, 432 N.W.2d 268, 271 (S.D.1988), once an affidavit is properly served and filed, the presiding judge reviews it under SDCL 15–12–32. "If the presiding judge determines that the affidavit is 'timely and that the right to file the affidavit has not been waived or is not otherwise legally defective,'" the case is assigned to another judge. *Id.* at 271.

Once Peterson filed his affidavit, Judge Srstka had no choice but to immediately stop the proceedings and await Presiding Judge Kean's decision pursuant to statute. He had no authority to decide on his own whether the affidavit was proper; with the filing of the affidavit his disqualification was automatic and mandatory. SDCL 15–12–22. As a consequence of continuing with the case without jurisdiction, all subsequent orders and judgments are void. *State v. Finder,* 81 N.W. 959 (S.D.1900); *accord State ex rel. Lucia v. Monson,* 55 N.D. 892, 215 N.W. 680 (1927) (also holding that a writ of prohibition [1] is the preferred remedy when a judge announces an intention to proceed despite having been disqualified by the filing of an affidavit); *cf. State v. Baldwin,* 299 N.W.2d 820 (S.D.1980) (orally assigned judge without jurisdiction until assignment order is filed); *see generally* cases interpreting similar statutes: *In re Abdul Y.,* 130 Cal.App.3d 847, 182 Cal.Rptr. 146 (1982); *Brown v. Swickard,* 163 Cal.App.3d 820, 209 Cal.Rptr. 844 (1985); *People v. Superior Court (Williams),* 8 Cal.App.4th 688, 10 Cal.Rptr. 2d 873 (1992). Texas: *Crawford v. State,* 807 S.W.2d 597 (Tex.App.1991); *Winfield v. Daggett,* 846 S.W.2d 920 (Tex.App.1993).

### Timeliness and Form

The State asserts that despite the failure to refer the matter to the presiding judge, Peterson's affidavit was nonetheless untimely because his attorney received notice of the new judge on Wednesday or Thursday of the week before trial and did not submit the affidavit until the following Monday. With an unanticipated change of judge occurring less than ten days before a jury trial, Peterson was required to assert his request for disqualification and submit the affidavit "promptly," but no later than "prior to the time set for the trial of such action." SDCL 15–12–28. Certainly the meaning of the word "prompt" will vary depending on the facts of the case, but with a weekend intervening between notice of a new judge and the scheduled trial, Peterson had only two or three working days to submit his affidavit. Under these circumstances, we cannot hold that Peterson's attempt to disqualify Judge Srstka was not prompt. The State also asserts that the affidavit was improper in form because it failed to recite that it was "made in good faith and not for the purpose of securing delay." SDCL 15–12–26. Whether the affidavit was "legally defective" was a determination for the presiding judge. SDCL 15–12–32. Even if an affidavit is untimely or defective, the challenged judge has no jurisdiction to proceed until the presiding judge rules on these questions and reassigns the case.

### Waiver

The State argues that Peterson relinquished his right to remove Judge Srstka when the court administrator telephoned both counsel and neither indicated any objection to the new judge assigned. Our statutes specifically discuss how waiver may occur: "The submission to a judge ... of *argument or proof* in support of a motion or application, or upon trial, is a waiver of the right thereafter to file an affidavit for change of such judge...." SDCL 15–12–24 (emphasis added). Although counsel may have stated no objection when first notified of Judge Srstka's assignment, Peterson asserted his statutory right to remove the judge within the appropriate time limits and before submission of any argument or proof at the motion hearing. Thus we find no waiver. *Contra Trudeau v. State,* 714 P.2d 362 (Alaska App.1986) (holding that under specific rule a "party loses his rights under this rule to change a judge when he agrees to the assignment of the case to a particular judge...." Counsel's agreement to an assignment of a judge is binding on the client.) *State v. Reid,* 114 Ariz. 16, 559 P.2d 136 (1976). *See generally* J.H. Cooper, Annotation, *Time for Asserting Disqualification of*

---

1. Some jurisdictions allow a writ of prohibition to prevent a disqualified trial judge from continuing to hear a case, on the grounds that it averts the expense and delay of appeal and retrial. *See generally* C.P. Jhong, Annotation, *Prohibition as Appropriate Remedy to Prevent Allegedly Disquali-*

*fied Judge from Proceeding with Case,* 92 A.L.R.2d 306 (1963). California provides by rule that the exclusive remedy for violation of a party's right to peremptorily remove a judge is through a writ of prohibition. *See* Cal.Civ.Proc.Code § 170.6 (West 1982).

*Judge and Waiver of Disqualification*, 73 A.L.R.2d 1238 (1960); Richard C. Tinney, Annotation, *Waiver or Loss of Right to Disqualify Judge by Participation in Proceedings—Modern State Civil Cases*, 24 A.L.R.4th 870 (1983).

### Informal Request to Disqualify

Lastly, the State contends that Peterson failed to make an informal request of Judge Srstka to step down. Parties are required to informally request judges to disqualify themselves before filing an affidavit. SDCL 15-12-21.1.[2] Peterson apparently made an informal request of Judge Srstka; counsel's comments on the record allude to a prior discussion with the judge about his tentative ruling on recusal prior to the filing of the affidavit. Peterson was short on time and the language of SDCL 15-12-28 indicates that the "request for disqualification and the affidavit may be filed promptly" after notice of the new judge, which perforce would make the informal request and submittal of an affidavit almost simultaneous.

Once disqualified by the filing of an affidavit for change of judge, the challenged judge has no jurisdiction to consider the propriety of the affidavit or to continue with the action. We see no alternative, therefore, but to reverse and remand for a new trial before another circuit judge.

Reversed and remanded.

MILLER, C.J., SABERS and AMUNDSON, JJ., and WUEST, Retired Justice, concur.

GILBERTSON, J., not having been a member of the Court at the time this case was considered, did not participate.

---

**2.** "Prior to filing an affidavit for change of judge, the party or his attorney shall informally request the judge ... to disqualify himself. He shall not be required to state his reasons, but may if he desires. Informally shall mean by letter, oral communication, or dictating it into the record in open court or chambers ... If the judge or magistrate grants the request, he shall forthwith notify the presiding judge, who shall assign the case to some other judge or magistrate. If the judge refuses the request, he shall forthwith notify in writing the parties or their attorneys. Writing may include a letter, order, or dictation into the record." SDCL 15-12-21.1.