2004 SD 135

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Herman L. JOHNSON, Sr., and Herman L. Johnson, Jr., Defendants and Appellees.**

**Nos. 23326, 23327.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 15, 2004.

Decided Dec. 29, 2004.

John H. Fitzgerald, Lawrence County States Attorney and Brooke K. Steele, Legal Intern, Attorneys for plaintiff and appellant.

Lawrence E. Long, Attorney General, Patricia Archer, Assistant Attorney General, Pierre, South Dakota, Attorneys for Amicus Curiae Attorney General.

Joseph Kosel, Deadwood, South Dakota, Attorney for defendant and appellee Herman L. Johnson Sr.

PER CURIAM.

[¶ 1.] The Lawrence County States Attorney appeals the appointment of two separate judges to preside over the criminal trials of Herman L. Johnson, Senior and Herman L. Johnson, Junior, contending such appointments were void from the beginning and improperly severed the trial of these defendants.

## FACTS

[¶ 2.] Herman L. Johnson, Senior, (hereinafter Senior) and Herman L. Johnson, Junior, (hereinafter Junior) (collectively Defendants) were jointly indicted for possession of a controlled drug or substance with intent to distribute (cocaine); possession of a controlled drug or substance (cocaine); and, conspiracy to distribute a controlled drug or substance (cocaine). The Honorable Timothy R. Johns was the initial circuit court judge assigned in this matter. Attorney for Senior informally requested Judge Johns to recuse himself. That request was denied on June 29, 2004. A formal affidavit for change of judge was filed that same day. The Honorable Warren G. Johnson, presiding circuit court judge, reviewed that affidavit and assigned himself to preside in the action as to both defendants. An order to that effect was entered on June 30, 2004.

[¶ 3.] The Lawrence County States Attorney filed an informal request for Judge Johnson to recuse himself and an affidavit for change of judge on July 1, 2004. Judge Johnson entered an order on that same day granting the request for change of judge and assigning the Honorable Jerome A. Eckrich to preside over this matter as to both defendants. On July 8, 2004, Junior's attorney filed an informal request with Judge Eckrich to disqualify

himself. That request was denied. Thereafter, Junior's attorney filed a formal affidavit for change of judge. Judge Johnson again reviewed that request. He entered an order assigning the Honorable John W. Bastian to preside only over Junior's case.

[¶ 4.] As a result, the cases are now proceeding before different circuit court judges appointed by Judge Johnson. State contends (1) that the assignment of judges was void as Judge Johnson was without jurisdiction to assign judges after he was disqualified from presiding in this matter; and, (2) that the assignment of Judge Bastian for Junior's case effectively severed this matter without proper notice and hearing. The Defendants do not resist the State's position. The State petitioned for intermediate appeal. An order granting intermediate appeal was entered by this Court on July 23, 2004.[1]

## STANDARD OF REVIEW

[¶ 5.] The issues on appeal involve a question of statutory interpretation. "Statutory interpretation is a question of law, which we review de novo." *In re Estate of Klauzer*, 2000 SD 7, ¶ 22, 604 N.W.2d 474, 479.

Statutory construction is an exercise to determine legislative intent. In analyzing statutory language we adhere to two primary rules of statutory construction. The first rule is that the language expressed in the statute is the paramount consideration. The second rule is that if the words and phrases in the statute have plain meaning and effect, we should simply declare their meaning and not resort to statutory construction. When we must, however, resort to statu-

---

1. The Attorney General also appeared in this matter as *Amicus Curiae* in support of reversal.

tory construction, the intent of the legislature is derived from the plain, ordinary and popular meaning of statutory language.

*Petition of West River Electric Association*, 2004 SD 11, ¶ 15, 675 N.W.2d 222, 226 (internal citations omitted).

## ANALYSIS

### ISSUE ONE

[¶ 6.] **Whether Judge Johnson had jurisdiction to reassign this case after he was disqualified pursuant to SDCL 15–12–32.**

[¶ 7.] State contends that Judge Johnson, after he was disqualified by an affidavit for change of circuit judge, did not have jurisdiction to appoint Judge Eckrich to act in this matter. As a result, State argues that Judge Johnson's assignment to Judge Eckrich was void and, therefore, Judge Eckrich is without jurisdiction to act in this matter. Likewise, State contends the subsequent assignment of Judge Bastian to Junior's case by Judge Johnson was also void and deprived Judge Bastian of jurisdiction.

[¶ 8.] The relevant statutory authority is SDCL 15–12–32. That statute provides:

The presiding judge of the circuit court or *in his absence or disqualification as the judge sought to be changed,* the senior judge of the circuit shall review the affidavit and certification, if any, and [if] it is determined that the affidavit is timely and that the right to file the affidavit has not been waived or is not otherwise legally defective, shall assign some other circuit judge or magistrate of that circuit as is appropriate to preside in such action, by filing an order of such appointment with the clerk of the court of the county wherein said action is pending. *From the filing of such*

*order the judge or magistrate therein designated shall have full power, authority and jurisdiction to proceed in the matter.*

SDCL 15–12–32 (emphasis added). "When an affidavit for change of judge is filed, the judge shall proceed no further and shall thereupon be disqualified as to any further acts with reference thereto unless otherwise ordered to proceed by the presiding judge." *State v. Peterson,* 531 N.W.2d 581, 582 (S.D.1995) (citing SDCL 15–12–22). The terms of SDCL 15–12–32 are clear and unambiguous; if the presiding judge is disqualified from a case the senior judge of the circuit should review the affidavit for a change of judge and act accordingly. Judge Johnson continued to act in this matter by considering an affidavit for change of judge directed at himself and then subsequently assigning judges to preside in this matter despite the express statutory prohibition. "Once disqualified by the filing of an affidavit for change of judge, the challenged judge has no jurisdiction to consider the propriety of the affidavit or to continue with the action." *Id.* at 583.

[¶ 9.] "As a consequence of continuing with the case without jurisdiction, all subsequent orders and judgments are void." *Id.* (string citations omitted). "Jurisdiction vests in the reassigned judge only from the time of the filing of such [valid] order." *State v. Baldwin,* 299 N.W.2d 820, 821 (S.D.1980). In the absence of a properly filed order the reassigned judge has no jurisdiction to act. *See id.* (holding trial court was without jurisdiction to proceed when a formal assignment order was not entered prior to trial). As a result, the assignment orders by Judge Johnson after his disqualification were a nullity and all actions taken thereafter by Judge Eckrich and Judge Bastian are void as they lacked jurisdiction.

## ISSUE TWO

[¶ 10.] **Whether the provisions of SDCL 15–12–32 can be utilized to sever co-defendants through the appointment of a substitute judge.**

[¶ 11.] State maintains that Judge Johnson, the appointing judge, improperly severed the trial of these joint defendants by appointing a different judge only for Junior following his affidavit for change of judge. Although Judge Johnson previously made the two prior disqualifications effective as to both co-defendants, for some reason that was not done with the final appointment of a substitute judge. As a result, Senior's and Junior's cases are now before different trial judges without there having been a motion to sever by either the defendants or the State.

[¶ 12.] Senior and Junior were jointly indicted for these drug charges. This procedure is specifically allowed by SDCL 23A–6–24. That statute provides:

> Two or more defendants may be charged in the same indictment or information, if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately, and all of the defendants need not be charged in each count.

SDCL 23A–6–24. Furthermore, this Court has recognized the "law generally favors joint trial for reasons of judicial economy and presentation of the whole of an alleged act or transaction at one time." *State v. Andrews*, 393 N.W.2d 76, 78 (S.D. 1986). "The general rule has evolved that persons jointly indicted should be tried together. This is especially true where, as here, one crime may be proved against two or more defendants from the same evidence." *Id.*

[¶ 13.] Moreover, each party has a right to challenge the joinder of co-defendants. SDCL 23A–11–2. That statute provides:

> If it appears that a *defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together,* the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the prosecuting attorney to deliver to the court for inspection in camera any statements or confessions made by the defendants which the state intends to introduce into evidence at the trial.

*Id.* "When considering a motion for severance, the court must balance the right of a defendant to a fair trial against the interests of judicial efficiency. The court must consider not only possible prejudice to the defendant seeking severance, but also possible prejudice to the government because of two time-consuming, expensive, and duplicitous trials." *Andrews*, 393 N.W.2d at 79 (citations omitted). A trial court's decision to sever co-defendants must be a reasoned decision based on the appropriate factors. *State v. Jenner*, 434 N.W.2d 76, 80–81 (S.D.1988). "In the absence of a legal ground, there should be no order for severance." *Andrews*, 393 N.W.2d at 79.

[¶ 14.] In this situation, there is no showing that the appointing judge made any consideration for these factors before effectively severing the co-defendants. Indeed, it would have been inappropriate for him to proceed to such an inquiry. There is nothing in SDCL ch 15–12 (Change of Circuit Judge or Magistrate) to suggest that an affidavit for removal of a trial judge is the appropriate procedural device or forum to make such a consideration. Rather, SDCL 15–12–32 specifically limits

the consideration on an affidavit for the change of a judge to whether or not "the affidavit is timely and that the right·to file the affidavit has not been waived or is not otherwise legally defective." This properly filed affidavit was effective as to each co-defendant and the case should have been assigned accordingly. *See State v. Reiman*, 284 N.W.2d 860, 866 (S.D.1979).

[¶ 15.] Therefore, the orders entered by Judge Johnson following his disqualification are vacated and this matter·is remanded for the appointment of a trial judge consistent with the provisions of SDCL ch 15–12.[2]

[¶ 16.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.

**2.** Judge Johnson, the presiding judge, is also the most senior judge in the Fourth Judicial Circuit. Given his disqualification, the next most senior judge is to consider the affidavit for change of judge pursuant to SDCL 15–12–32. The next most senior judge is Judge Johns, who was disqualified prior to Judge Johnson and is therefore also unable to rule on the affidavit for change of judge. Proceeding down the line of seniority is Judge Bastian, who has not been disqualified by any of the parties in this matter; therefore, consideration of the affidavit for disqualification of Judge Johnson is properly within his purview. This is the situation in which the parties would have found themselves if Judge Johnson had not considered the affidavit and ordered reassignment after his disqualification, a decision which was a nullity.