#27908-a-SLZ
**2017 S.D. 25**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

| | |
|---|---|
| LEGENDARY LOAN LINK, INC.,<br>a North Dakota corporation, | Plaintiff and Appellee, |
| v. | |
| TODD LARSON, | Defendant and Appellant, |
| and | |
| VIKINGFIT, LLC, a South Dakota<br>limited liability company, | Defendant. |

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
CODINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE CARMEN MEANS
Judge

* * * *

JUSTIN M. SCOTT of
Bantz, Gosch & Cremer, LLC
Aberdeen, South Dakota

Attorneys for plaintiff and
appellee.


TODD LARSON
Black Hawk, South Dakota

Pro se defendant and
appellant.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 13, 2017

OPINION FILED
05/17/2017

ZINTER, Justice

[¶1.] Todd Larson appeals from a judgment entered in favor of Legendary Loan Link, Inc. (Legendary Loan). Larson argues that the judge rendering the judgment lacked jurisdiction to act. Larson contends there was no jurisdiction because the presiding judge of the circuit failed to enter a formal order of assignment after Larson filed an affidavit for a change of judge. Because Larson was not entitled to file an affidavit for change of judge, we affirm.

## Facts and Procedural History

[¶2.] Legendary Loan sued Larson on a promissory note that was secured by certain property. In a letter decision filed May 1, 2015, Judge Robert Timm granted partial summary judgment in favor of Legendary Loan. Judge Timm concluded that Larson was liable for the principal and interest due on the note. However, Judge Timm also ruled that genuine issues of material fact remained regarding the costs that were recoverable by Legendary Loan and the specific property that was subject to the security interest. In rendering his decision, Judge Timm informed the parties of his impending retirement on June 8, 2015. He directed the parties to schedule the trial with the new incoming circuit judge.

[¶3.] After Judge Timm's retirement, the case was assigned to Judge Carmen Means. Over the next several months, Judge Means ruled on multiple motions Larson submitted. On March 29, 2016, Judge Means entered a protective order that was adverse to Larson. In response, nearly one year after Judge Means was assigned to the case, Larson filed both an informal request for disqualification

of Judge Means and a formal affidavit requesting a change of judge. *See* SDCL 15-12-20, -21.1.

[¶4.] Judge Means denied Larson's informal request by order entered April 8, 2016. She concluded that Larson waived his right to a change of judge under SDCL 15-12-24.[1] Presiding Judge Gregory Stoltenburg reviewed Larson's formal affidavit for change of judge and denied the request by an April 11, 2016 e-mail to the clerk of courts stating: "The case remains with Judge Means." Although the e-mail was filed in the record, Judge Stoltenburg did not enter a formal order on the matter.

[¶5.] On May 25, 2016, Judge Means entered an order granting summary judgment in favor of Legendary Loan on the remaining issues—thereby resolving the case. At no time during the summary judgment hearings on April 15 or May 9 did Larson object to Judge Means presiding over the case. After the final order was entered, Larson sent a letter to Judge Stoltenburg requesting a copy of the court's findings and order on Larson's affidavit for a change of judge. Judge Stoltenburg

---

1.      SDCL 15-12-24 provides:

> The submission to a judge or magistrate of argument or proof in support of a motion or application, or upon trial, is a waiver of the right thereafter to file an affidavit for change of such judge or magistrate by any party or his counsel who submitted the same or who after notice that such matter was to be presented, failed to appear at the hearing or trial. Such waiver shall continue until the final determination of the action and includes all subsequent motions, hearings, proceedings, trials, new trials, and all proceedings to enforce, amend, or vacate any order or judgment.

responded by letter dated June 1, 2016, indicating that Larson's affidavit for a change of judge was denied because it was untimely under SDCL 15-12-27.[2] Larson now appeals from Judge Means' final judgment: he contends that she had no authority to act.

## Decision

[¶6.] Larson argues that Judge Means lacked jurisdiction to preside over the case because Judge Stoltenburg failed to enter a formal order denying Larson's affidavit for a change of judge and appointing Judge Means. Legendary Loan argues that the court was not required to enter a formal order and that all procedural requirements were followed. We do not reach these arguments because Larson was not entitled to file the affidavit for a change of judge from the outset.

[¶7.] Under South Dakota's peremptory recusal rules, any party to any action pending in circuit court has the right to a change of judge so long as certain procedural requirements are met. *See* SDCL ch. 15-12. The process to obtain a change of judge is straightforward. The party seeking a change must first informally request the judge to self-disqualify. SDCL 15-12-21.1. If the judge

---

2. SDCL 15-12-27 provides, in part:

> An affidavit for change of judge or magistrate, if against the judge or magistrate who, in the ordinary course, would preside at the hearing or trial, must be filed within the following times:
>
> > (1) If there be any motion or application to be heard upon notice, the party resisting the same may file an affidavit not less than two days before the hearing; or if the matter is returnable in a shorter time, then before the commencement of such hearing[.]

declines the informal request, the party may file an affidavit for a change of judge. SDCL 15-12-22. When an affidavit for change of judge has been properly filed, the judge cannot proceed any further in the action and is deemed disqualified "unless otherwise ordered to proceed by the presiding judge of the circuit involved." *Id.* Further, "the challenged judge has no jurisdiction to consider the propriety of the affidavit or to continue with the action." *State v. Peterson*, 531 N.W.2d 581, 584 (S.D. 1995). The affidavit for a change of judge is presented to the presiding judge of the circuit for review. SDCL 15-12-32. "'If the presiding judge determines that the affidavit is timely and that the right to file the affidavit has not been waived or is not otherwise legally defective,' the case is assigned to another judge." *Peterson*, 531 N.W.2d at 582 (quoting *State v. Tapio*, 432 N.W.2d 268, 271 (S.D. 1988)).

[¶8.]        However, in order to file an affidavit for change of judge, a party must be "entitled to do so." SDCL 15-12-22 ("When entitled to do so, any party to an action . . . may . . . file an affidavit as provided by this chapter seeking to disqualify the judge . . . ."). And SDCL 15-12-21 provides that a party is entitled to file an affidavit for change of judge "[u]nless the right is waived or is denied by this chapter[.]" The submission of "argument or proof in support of a motion or application" to a judge "is a waiver of the right thereafter to file an affidavit for change of such judge . . . by any party . . . who submitted the same[.]" SDCL 15-12-24. Further, the filing must be timely. SDCL 15-12-22; SDCL 15-12-27.

[¶9.]        In this case, Larson was not entitled to file an affidavit for a change of judge not only because it was untimely, but also because he waived that right when

he submitted argument to Judge Means on numerous occasions before filing the affidavit.  "The purpose behind our peremptory recusal rules is to allow removal of a judge without stating any reason if a party entertains concern about a judge's impartiality." *State v. Burgers*, 1999 S.D. 140, ¶ 13, 602 N.W.2d 277, 280.  But "[o]nce a party puts a matter before a judge, . . . judicial economy and fairness to the other parties require that it remain there." *Id.*

### Conclusion

[¶10.]        Larson was not entitled to file an affidavit for a change of judge because it was untimely and because he waived that right when he submitted argument to Judge Means before filing his informal request and his affidavit.  Because Larson may not assert a right on appeal that he did not possess below, we affirm.  Legendary Loan's motion for appellate attorney's fees and costs is granted pursuant to SDCL 54-3-13 and SDCL 15-30-6.

[¶11.]        GILBERTSON, Chief Justice, and SEVERSON, WILBUR, and KERN, Justices, concur.