#28665-a-PER CURIAM
**2020 S.D. 29**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,               Plaintiff and Appellee,

    v.

MILO WALTER HIRNING,            Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
BROWN COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE TONY L. PORTRA
Judge

* * * *

JASON R. RAVNSBORG
Attorney General

JOHN M. STROHMAN
Assistant Attorney General
Pierre, South Dakota           Attorneys for plaintiff and
                                   appellee.


BRANDON M. TALIAFERRO
Aberdeen, South Dakota        Attorney for defendant
                                   and appellant.

* * * *

CONSIDERED ON BRIEFS
APRIL 29, 2019
OPINION FILED **05/27/20**

PER CURIAM

[¶1.]     Milo Hirning (Hirning) appeals from a judgment of conviction for possession of a controlled substance. Hirning contends the circuit court judge erred when he continued to preside on Hirning's case after Hirning filed an affidavit for change of judge. He claims the error was jurisdictional. We affirm.

**Facts and Procedural History**

[¶2.]     In 2010, Hirning pleaded guilty to one count of possession of a controlled substance and admitted to a part II information as a habitual offender. In exchange for Hirning's plea, the State agreed to dismiss other drug related offenses against Hirning. The circuit court, the Honorable Tony Portra presiding, received Hirning's guilty plea and sentenced Hirning to twenty-five years in the penitentiary, with seven years suspended. On direct appeal, this Court reversed and remanded the case, determining that Hirning's waiver of counsel before he entered his guilty plea was not voluntary, knowing, and intelligent. *State v. Hirning*, 2011 S.D. 59, 804 N.W.2d 422.

[¶3.]     On remand, the circuit court appointed counsel for Hirning. Despite being represented by counsel, Hirning wrote an ex parte letter to Judge Portra, dated December 2, 2011, requesting Judge Portra recuse himself from the case. Judge Portra contacted Hirning's counsel and instructed the matter "be addressed through counsel." Days later, on December 12, 2011, Hirning wrote an ex parte letter to Presiding Judge Von Wald, informing him of his letter to Judge Portra and requesting an answer to his informal request for recusal. Judge Von Wald instructed Hirning to discuss the matter with counsel. Instead of consulting his

counsel, Hirning filed an affidavit for change of judge on December 27, 2011. Hirning's counsel subsequently requested the matter be set for a hearing.

[¶4.]     Judge Portra presided over the hearing on Hirning's affidavit for change of judge. Judge Portra denied Hirning's request for change of judge because Hirning had previously requested a change of judge before Judge Portra had been assigned to the case.[1] Judge Portra also determined the affidavit for change of judge was untimely. Judge Portra entered findings of fact, conclusions of law, and order denying Hirning's affidavit for change of judge on February 10, 2012.

[¶5.]     Hirning subsequently entered into a plea agreement with the State. The terms of the agreement, although not set forth in the record, appear substantially similar to the agreement made before the case was remanded. Hirning pleaded guilty to one count of possession of a controlled substance and admitted to the part II habitual offender information, and the State dismissed the remaining charges. Once again, Judge Portra sentenced Hirning to twenty-five years in the penitentiary, with seven years suspended. The court entered a judgment of conviction on March 29, 2012.

[¶6.]     Shortly after the court entered the judgment, Hirning sent letters to his trial counsel and the circuit court expressing his desire to appeal from the final judgment of conviction. After receiving no response, Hirning filed a pro se direct appeal. Hirning's appellate counsel failed to file a brief in the matter, and as a result, this Court dismissed Hirning's appeal by order.

---

1.     On May 17, 2010, Hirning sent a letter to Judge Flemmer requesting he recuse himself. Judge Flemmer acquiesced in Hirning's request and Presiding Judge Von Wald assigned Judge Portra to the case.

[¶7.]        On March 27, 2014, Hirning filed an application for a writ of habeas corpus. Among other claims, Hirning alleged he received ineffective assistance of appellate counsel, which resulted in the dismissal of his 2012 direct appeal. At the hearing on the writ, the State stipulated that Hirning's appellate counsel was ineffective and agreed that the appropriate remedy was to resentence Hirning in the criminal case to revive his time for direct appeal. The habeas court granted the writ of habeas corpus and ordered that Hirning be resentenced.

[¶8.]        Following the habeas proceedings, Hirning appeared before Judge Portra and again pleaded guilty to the charge of possession of a controlled substance and the part II habitual offender information. The court imposed the same sentence of twenty-five years in the penitentiary, with seven years suspended. The court entered the judgment of conviction.

[¶9.]        Hirning appeals from the conviction. He raises the following issue— whether the circuit court erred by continuing to act on Hirning's case after Hirning filed an affidavit for change of judge and, if so, whether the error deprived the circuit court of jurisdiction.

**Analysis and Decision**

[¶10.]        SDCL 15-12-22 provides that when an affidavit for change of judge is "properly filed that named judge . . . shall proceed no further in said action and shall thereupon be disqualified as to any further acts with reference thereto unless otherwise ordered to proceed by the presiding judge of the circuit involved." *See also Legendary Loan Link, Inc. v. Larson*, 2017 S.D. 25, ¶ 7, 896 N.W.2d 267, 269 ("When an affidavit for change of judge has been properly filed, the judge cannot

proceed any further in the action and is deemed disqualified . . . .").  Further, the judge named in the affidavit is not permitted by our rules to determine whether the affidavit was properly filed.  Rather, SDCL 15-12-32 provides that the presiding judge of the circuit must determine whether "the affidavit is timely and that the right to file the affidavit has not been waived or is not otherwise legally defective . . . ." *See State v. Tapio*, 432 N.W.2d 268, 271 (S.D. 1988).

[¶11.]       In *State v. Peterson*, 531 N.W.2d 581, 583 (S.D. 1995), the Court concluded that a properly filed affidavit for change of judge deprives the challenged judge of jurisdiction, and "all subsequent orders and judgments are void." *See also State v. Johnson*, 2004 S.D. 135, ¶ 8, 691 N.W.2d 319, 322.[2]  In *Legendary Loan*, however, we held that the rule voiding all subsequent orders and judgments after a

---

2.       Courts are divided on whether the violation of a procedural court rule can deprive a court of jurisdiction.  The Arizona Supreme Court held that a court procedural rule for a peremptory challenge of a judge, such as SDCL chapter 15-12, cannot deprive the challenged judge of subject matter jurisdiction.  *See Taliaferro v. Taliaferro*, 921 P.2d 21, 23 (Ariz. 1996) (en banc).  "This court could not, under its rule making power, detract from the constitutional grant of jurisdiction.  Whatever the effect of an erroneous failure to honor a notice of change of judge, it cannot shrink the subject matter jurisdiction of that court to hear and determine the proceeding before it." *Id.  See also Hamer v. Neighborhood Hous. Servs. of Chicago*, __ U.S. __, __, 138 S. Ct. 13, 17, 199 L. Ed. 2d 249 (2017) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978)) ("It is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction.").  Other courts have held that peremptory motions for change of judge deprive the challenged judge of jurisdiction, or otherwise render the judge's subsequent orders void or invalid.  *See Turnipseed v. Truckee-Carson Irrigation Dist.*, 13 P.3d 395, 400 (Nev. 2000); *Pawlowski v. Pawlowski*, 925 P.2d 240, 242 (Wyo. 1996); *Erickson v. Hart*, 750 P.2d 1089, 1091 (Mont. 1988); *In re Marshall*, 515 S.W.3d 420, 422 (Tex. App. 2017); *People v. Tate*, 89 N.E.3d 766, 773 (Ill. App. Ct. 2017); *A.T. v. G.T.*, 960 N.E.2d 878, 882 (Ind. Ct. App. 2012).  Because Hirning was not entitled to file an affidavit for change of judge, it is unnecessary to further consider *Peterson* or address Hirning's jurisdiction arguments.

party files an affidavit for a change of judge is conditioned upon the applicability of SDCL 15-12-32 in the first instance. 2017 S.D. 25, ¶ 7, 896 N.W.2d at 269. Therefore, when a party is not entitled to file an affidavit under chapter 15-12, the circuit court's subsequent non-compliance with the rule does not deprive it of the subject matter jurisdiction to which it is otherwise authorized to exercise.

[¶12.] In *Legendary Loan*, the appellant did not file an affidavit for change of judge until the judge presiding in the case had already ruled on several motions over a period of months. The judge continued to act in the case after the appellant filed an affidavit for change of judge, without a formal order memorializing the email of the presiding judge of the circuit allowing the judge to continue to act. *Id.* ¶¶ 4-5, 896 N.W.2d at 268-69. Citing *Peterson*, the appellant argued that the consequence for the judge's continued action in the case was that all subsequent orders and judgments were void. *Id.* ¶ 6, 896 N.W.2d at 269. We rejected the argument, however, after concluding that "in order to file an affidavit for change of judge, a party must be 'entitled to do so.'" *Id.* ¶ 8; *see also* SDCL 15-12-21 (providing that an affidavit for change of judge may be filed "[u]nless the right is waived or is denied by this chapter . . . .").

[¶13.] Here, Hirning was not entitled to seek Judge Portra's removal under the provisions of SDCL 15-12-24. Hirning initially pleaded guilty and was sentenced by Judge Portra in 2010 on the charge of possession of a controlled substance. On remand from this Court, Hirning filed his first peremptory recusal of Judge Portra by filing an affidavit for change of judge on December 27, 2011. SDCL 15-12-24 provides that submission to a judge of "argument or proof in support of a

motion or application . . . is a waiver of the right thereafter to file an affidavit for change of such judge . . . ." The "waiver shall continue until the final determination of the action and includes all subsequent . . . proceedings, trials, new trials, and all proceedings to enforce, amend, or vacate any order or judgment." *Id.* "A guilty plea is 'proof' on an 'application' . . . ." *State v. Burgers*, 1999 S.D. 140, ¶ 12, 602 N.W.2d 277, 280. A party waives a right to file an affidavit for change of judge by entering a guilty plea. *Id.* Further, "[w]here a remanded matter is a continuation of the original proceeding, rather than a new one, the judge may not be changed by way of affidavit." *State v. Lohnes*, 432 N.W.2d 77, 82 (S.D. 1988) (citing *Matter of Est. Certain Terr. Elec. Boundaries*, 318 N.W.2d 118 (S.D. 1982)).

[¶14.] In addition to waiving his right to file an affidavit under SDCL 15-12-24, Hirning was no longer entitled to file an affidavit because he had previously requested a change of judge in 2010, which was granted. SDCL 15-12-25 provides, in pertinent part, that "[n]ot more than one change of judge or magistrate shall be granted on request and/or affidavit made by or on behalf of the same party . . . ." By informally requesting a prior change of judge, Hirning no longer had a right to file the December 27, 2011 affidavit.

[¶15.] Judge Portra violated SDCL 15-12-22 by presiding over the hearing on Hirning's affidavit for a change of judge and determining that Hirning's affidavit was not properly filed. Under SDCL 15-12-32, only the presiding judge of the circuit could determine whether Hirning's affidavit was timely and whether Hirning had a right to file the affidavit. Nonetheless, because Hirning was not entitled to file the affidavit, Judge Portra's non-compliance with SDCL chapter 15-12, did not

deprive the court of authority to accept Hirning's guilty plea and impose a sentence. We affirm.

[¶16.]     GILBERTSON, Chief Justice, and KERN, JENSEN, and SALTER, Justices, and WILBUR, Retired Justice, concur.